335 So.2d 823 (1976)
STATE of Florida, Petitioner,
v.
Tommy Earl ALLEN, Respondent.
No. 47785.
Supreme Court of Florida.
July 21, 1976.
*824 Robert L. Shevin, Atty. Gen., and Jeanne Dawes Schwartz and Joseph W. Lawrence, Asst. Attys. Gen., for petitioner.
Bartley K. Vickers, of Mahon, Farley & Vickers, Jacksonville, for respondent.
ENGLAND, Justice.
This case was brought here by petition for a writ of certiorari alleging direct conflict between the decision of the First District Court of Appeal, reported at 314 So.2d 154, and Sciortino v. State, 115 So.2d 93 (Fla.2d DCA 1959). We find the requisite direct conflict to be present in the form of an announcement of a rule of law different from that announced by another Florida appellate court.[1] We have jurisdiction for review under Article V, Section 3(b)(3) of the Florida Constitution.
The sole point of law involved in this case concerns the state's burden of proving the "corpus delicti"[2] before a defendant's confession may be admitted into evidence. The rule of law announced in Sciortino is to the effect that before a confession is admitted the state has the burden of proving by substantial evidence that a crime was committed, and that such proof may be in the form of circumstantial evidence. This rule of law was first announced by this Court in Holland v. State, 39 Fla. 178, 22 So. 298 (1897). It has been re-affirmed more recently by this Court in Frazier v. State, 107 So.2d 16 (Fla. 1958), and applied by the Third District Court of Appeal in County of Dade v. Pedigo, 181 So.2d 720 (Fla.3d DCA), cert. denied, 188 So.2d 817 (Fla. 1966), and in Jackson v. State, 192 So.2d 78 (Fla.3d DCA 1966).
In its opinion in this proceeding, the First District Court of Appeal appears to have adopted a legal standard which requires overwhelming proof by direct evidence that the crime charged was committed and that *825 the defendant is the guilty party. The Court's opinion states:
"Appellant's confession is the only direct evidence that places him in the driver's seat at the time of the accident. However, there is strong circumstantial evidence.
......
The State failed to establish a prima facie case independent of the admission of the defendant."[3]
This was error which requires reversal, and we reaffirm that circumstantial evidence may be presented prior to admission of a defendant's confession in order to establish the occurrence of the necessary elements of the alleged crime. We also reject the implication in the district court's opinion that identification of the defendant as the guilty party is a necessary predicate for the admission of a confession.
It is a fundamental principle of law that no person be adjudged guilty of a crime until the state has shown that a crime has been committed. The state therefore must show that a harm has been suffered of the type contemplated by the charges (for example, a death in the case of a murder charge or a loss of property in the case of a theft charge), and that such harm was incurred due to the criminal agency of another.[4] This usually requires the identity of the victim of the crime. A person's confession to a crime is not sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime. The judicial quest for truth requires that no person be convicted out of derangement, mistake or official fabrication.
This rule obviously does not require the state to prove a defendant's guilt beyond a reasonable doubt before his or her confession may be admitted. Indeed, as this Court has stated before, it is preferable that the occurrence of a crime be established before any evidence is admitted to show the identity of the guilty party, even though it is often difficult to segregate the two.[5] The state has a burden to bring forth "substantial evidence" tending to show the commission of the charged crime.[6] This standard does not require the proof to be uncontradicted or overwhelming,[7] but it must at least show the existence of each element of the crime. The state's burden of proof "beyond a reasonable doubt" is a requirement to establish the defendant's guilt, not to authorize admission of his confession.[8]
On the facts of this case, the state has met its preliminary burden. The sole contention of Allen was that, before his confession was admitted, the state had not proved he was driving the vehicle from which Curtis Black was thrown and killed. This question is relevant, since there would have been no crime if Black had been the driver. Our review of the pre-confession showing by the state reveals that there was adequate circumstantial evidence that Black was the passenger. Allen was seen entering the driver's side of his car within 5 to 10 minutes of the accident which took Black's life. Black's body was found several feet from the demolished automobile under circumstances from which investigators could reasonably conclude that he occupied the passenger's side of the vehicle. Allen was found at the wreck site hanging out the passenger's side of the vehicle, with his feet on the driver's side. The car was owned by Allen, and he had been seen driving the car with Black earlier in the day.
While the facts just recited might not constitute proof beyond a reasonable *826 doubt that Allen was driving the vehicle at the time of the accident[9] (or more importantly for present purposes, Black was not), they are in the aggregate sufficient circumstantial evidence to lay the predicate for the admission into evidence of Allen's confession that he was the driver. We are well aware that varying interpretations of circumstantial evidence are always possible in a case which involves no eye witnesses. Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.
The decision of the First District Court of Appeal is quashed, and the case is remanded for further proceedings consistent with this opinion.
OVERTON, C.J., and ROBERTS, BOYD and DREW (Retired), JJ., concur.
NOTES
[1] See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960).
[2] This Latin phrase means literally "the body of the crime." It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed.
[3] 314 So.2d at 155-56.
[4] Sciortino, above. See also, Lee v. State, 96 Fla. 59, 117 So. 699 (1928).
[5] Spanish v. State, 45 So.2d 753 (Fla. 1950).
[6] Tucker v. State, 64 Fla. 518, 59 So. 941 (1912); Lambright v. State, 34 Fla. 564, 16 So. 582 (1894).
[7] See, Harris v. State, 72 Fla. 128, 72 So. 520 (1916).
[8] Lambright, n. 6 above. See also, Deiterle v. State, 101 Fla. 79, 134 So. 42 (1931) (concurrence).
[9] See Savage v. State, 152 Fla. 367, 11 So.2d 778 (1943), for discussion of degree of circumstantial evidence required to meet the burden of proving guilt beyond a reasonable doubt.