PER CURIAM.
Appellant appeals her final judgment and sentence for second degree murder, contending that the trial court erroneously allowed introduction of her inculpato-ry statement at a time when the corpus delicti of the crime had not yet been established by competent proof. We disagree, finding from our review of the record that the testimony of the state’s firearms expert adequately indicated that the death of appellant’s husband had occurred through the criminal agency of another. See State v. Allen, 335 So.2d 823 (Fla.1976). Similarly, we reject appellant’s contention that she was entitled to a judgment of acquittal at the close of the state’s case in view of the circumstantial evidence suggesting a criminal act and the conflicting statements made by appellant regarding her participation in the shooting. The remaining point — that the court erred in allowing a state witness to answer a question about appellant’s character — is without merit since the character and personality traits of appellant had been placed into issue by her counsel’s earlier cross-examination of a state witness.
AFFIRMED.
MILLS, Acting C. J., and ROBERT P. SMITH and LARRY G. SMITH, JJ., concur.