PER CURIAM.
Ishmael Stevens appeals from a judgment of conviction for trafficking in cocaine. We affirm.
*1035 Stevens contends on appeal that he was illegally stopped. We disagree. The record shows that the police officers had a reasonable suspicion that criminal activity was afoot. The tip given by the previously reliable confidential informant was sufficiently detailed, and the location, description, and behavior of the defendant perfectly matched the information provided in the tip. See Hetland v. State, 387 So.2d 963 (Fla.1980). Therefore, the officers properly effected a Terry[1] stop.
Stevens further contends that the state failed to establish the corpus delicti of the crime and that his confession was, therefore, erroneously admitted. We find that argument without merit. After properly stopping the defendant[2] and discovering the five thousand dollars in small bills and the bag of crack cocaine, the officers had probable cause to arrest defendant. His confession was, therefore, properly admitted into evidence. The corpus delicti of the crime had been established by the information provided by the confidential informant and by the observations and discoveries of the officers. See State v. Allen, 335 So.2d 823 (Fla.1976).
AFFIRMED.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. Defendant was read his Miranda rights as soon as he was stopped.