589 So.2d 355 (1991)
Calvin Earl BURKS, Appellant.
v.
STATE of Florida, Appellee.
No. 90-2340.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
Rehearing Denied December 11, 1991.
*356 Jeffrey L. Dees, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Florida Highway Patrol Trooper C.W. Heaton was dispatched to the scene of a traffic accident. When he arrived he found a tractor-trailer blocking both northbound lanes of U.S. Highway 17. A motorcycle was lying in the roadway, and the body of the motorcyclist was lying near the truck.
Heaton was advised at the scene that Calvin Burks, standing outside the truck, had been the driver of the truck. Heaton conducted a traffic investigation in order to complete an accident report as required by section 316.066(4), Florida Statutes (1989). He then advised Burks that he was terminating the traffic investigation and was about to conduct a criminal investigation. He gave Burks the Miranda warnings and conducted a criminal investigation. During the criminal investigation, Burks admitted that he was the driver of the truck and that he had been drinking heavily all evening. He was subsequently taken to the hospital for a blood test. His blood alcohol level was .14.
Burks was convicted of DUI manslaughter. He appeals contending that the corpus delicti was not established prior to admitting into evidence his admission that he was the driver of the truck; i.e., there was no evidence, other than his admission, direct or circumstantial, that placed him behind the wheel of the truck.[1] We disagree.
Burks cites many cases that hold that a confession may not be received until the corpus delicti has been established,[2] and, unfortunately, many of these cases do not distinguish between an admission against interest and a confession.
In Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971) the court did hold that the defendant's admission that he was the driver of the vehicle in a DUI case was inadmissable when that was the only proof as to the identity of the driver.
In Sciortino v. State, 115 So.2d 93 (Fla. 2nd DCA 1959) the court held that the defendant's "admission" that he had only been back in the bolita business a couple of weeks and that the numbers in the box were lottery tickets and that they belonged to him could not be used to establish the corpus delicti of conducting a lottery. It is urged, however, that in Sciortino, the defendant's admission rose to the level of a confession that he committed the charged offense. Unfortunately this case did not discuss the distinction between confessions and admissions against interest.
Similarly, the court in Alexander v. State, 107 So.2d 261 (Fla. 2nd DCA 1958) *357 would not permit the defendants "admission" that he was in the bolita business because there was no other independent evidence. Again the "admission" was, in fact, a confession to committing an illegal act.
In State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984), this court would not permit the defendant's "confession" that she was involved in the hit and run accident in which three pedestrians were injured because there was no other evidence that she was the driver. However, we noted that because her exact statement was not in the record we could not tell if she had made a confession or merely a statement against interest. We assumed, for the purpose of that decision, that her statement was a confession.
The Fifth Edition of Black's Law Dictionary makes the following distinction between a confession and admission against interest:

Confession: A voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged[.] [Emphasis added.]
A statement made by a defendant disclosing his guilt of crime with which he is charged and excluding possibility of a reasonable inference to the contrary[.] [Emphasis added.]
Voluntary statement made by one who is a defendant in a criminal trial at a time when he is not testifying in trial and by which he acknowledges certain conduct of his own constituting a crime for which he is on trial; a statement which, if true, discloses his guilt of that crime and excludes possibility of reasonable inference to contrary. [Emphasis added.]

Admission against interest: A statement made by one of the parties to an action which amounts to a prior acknowledgment by him that one of the material facts relevant to the issues is not as he now claims ... Any statements made by or attributable to a party to an action, which constitute admissions against his interest and tend to establish or disprove any material fact in the case. [Emphasis added.]
Therefore, to be a confession, the statement must acknowledge guilt of the crime charged. As stated in People v. Beverly, 233 Cal. App.2d 702, 43 Cal. Rptr. 743, 750 (Cal.Dist.Ct.App. 1965), cert. denied, 384 U.S. 1014, 86 S.Ct. 1937, 16 L.Ed.2d 1035 (1966):
A confession leaves nothing to be determined, in that it is a declaration of his [defendant's] intentional participation in a criminal act... . An admission as applied to criminal law is something less than a confession, and is but an acknowledgment of some fact or circumstances which in itself is insufficient to authorize a conviction, and which tends only toward the proof of the ultimate fact of guilt.
In the case at bar, Burks' admission that he was the driver of the truck  before any arrest and before any charges were filed  was an admission against interest tending merely to establish one material fact and did not acknowledge guilt.[3] The reason for the confession  corpus delicti rule (that one not be convicted out of derangement, mistake or official fabrication  Allen, infra, at 825) does not apply to admissions against interest where the law presumes that the one making the statement would not have done so unless the statement was true.
Normally we would merely affirm based on this distinction.[4] However, we *358 are confronted by State v. Allen, 335 So.2d 823 (Fla. 1976) in which the supreme court discussed defendant's "confession" that he was the driver of the vehicle at the time of the accident. Since driving a vehicle, in and of itself, was not a crime, this statement appears to have been a statement against interest and not a confession. Since the "confession" was not set out in full in the Allen decision, it is possible that Allen confessed guilt which would have included the fact that he was the driver. This case does not require us to decide whether the state may introduce one admission against interest in order to establish a corpus delicti when all of the admissions made by the defendant would, if fact, constitute a confession. In the case at bar there was no confession.
It should be noted that section 90.804(2)(c), Florida Statutes (1989) specifically permits the introduction of out-of-court statements against interest. There is no indication that in criminal cases the statute can only be used to establish redundant evidence.
In Allen the court held that it is the "confession to a crime" that could not be presented until independent evidence showed that a crime had been committed. This is consistent with past authority both here and in other states. Since Allen used the word confession throughout, and cited confession cases, it is doubtful that the court intended to equate admissions against interest with confessions in considering whether the corpus delicti must be established.[5] Because of the language in Allen, and in an abundance of caution, we certify the following question:
MAY THE STATE OFFER IN EVIDENCE AN ADMISSION AGAINST INTEREST TO ESTABLISH ONE OF THE ELEMENTS OF THE CHARGED OFFENSE IN THE ABSENCE OF AN INDEPENDENTLY ESTABLISHED CORPUS DELICTI?
AFFIRMED.
COBB, J., concurs.
DIAMANTIS, J., concurs specially with opinion.
DIAMANTIS, Judge, concurring specially.
I concur in the result of the majority. The record contains evidence other than appellant's statements which proves that appellant was the driver of the tractor-trailer. Additionally, the record reveals that there is sufficient evidence which shows that the decedent died from injuries received in an intersection collision with the tractor-trailer which was driven by another, and that decedent's death occurred due to the unlawful operation of the tractor-trailer, in that it was blocking both northbound lanes of a four-lane highway as well as the median. The record also contains evidence that the decedent had the right-of-way and that appellant was intoxicated. Consequently, the state presented sufficient evidence of the corpus delicti of the crime of DUI manslaughter. Even assuming, arguendo, that the trial court erred in admitting into evidence appellant's admission that he was the driver, such error in this case would certainly be harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Thus, it is not necessary to reach the issue that the majority primarily addresses and certifies to the Florida Supreme Court. The discussion of that issue is obiter dictum. However, by way of my dictum, I would add that if there was no other evidence that appellant was the driver and no sufficient evidence of the corpus delicti, I would concur with the majority that appellant's admission is admissible into evidence without requiring the state to present evidence aliunde of the corpus delicti of the offense of DUI manslaughter.
NOTES
[1] We find appellant's other points on appeal without merit.
[2] The rule was apparently first stated in Florida in Lambright v. State, 34 Fla. 564, 16 So. 582, 585 (Fla. 1894):

It is also a fundamental rule, of ancient origin, that no person shall be convicted ... without proof aliunde of the corpus delicti; and, before such confessions should be allowed to go to the jury, there should be proof before the court tending to show that the offense to which the confession relates has been committed.
[3] The fact that he also admitted drinking heavily that evening does not, in and of itself, change this admission into a confession. He did not "admit" that his faculties were impaired nor that his blood alcohol level was .1 or above.
[4] There is another reason why we affirm. We state it by footnote because we do not wish to detract from the issue that we hope the supreme court will address. In the case at bar there was other evidence that appellant was the driver. The trooper testified, without objection, that appellant's supervisor came to the scene and inquired if appellant "could drive his vehicle away and continue on his run."
[5] In Parrish v. State, 90 Fla. 25, 105 So. 130 (Fla. 1925), in a case involving the voluntariness of certain statements, the supreme court did, in fact, recognize the distinction between confessions and admissions and held that they should be treated differently.