DAUKSCH, Judge.
R.L.B., a juvenile, was adjudicated guilty of burglary and petit theft. On appeal, he raises three points: the corpus delicti was not proven before introduction into evidence of his confession, denial of his Motion for Judgment of Acquittal, and the length of his community control. We affirm the denial of the Motion for Judgment of Acquittal and the length of community control.
Under the corpus delicti rule, the state has the burden of proving, by substantial evidence, that a crime was committed, as a prerequisite to offering in evidence an admission against interest. Burks v. State, 613 So.2d 441 (Fla.1993). The corpus delicti of the crime can be shown by circumstantial evidence; it need not be uncontroverted or overwhelming, but must at least show each element of the crime before the defendant’s confession is admissible. Id. at 443. The corpus delicti rule requires a showing that a crime was committed by the criminal agency of another, not necessarily the defendant. State v. Allen, 335 So.2d 823 (Fla.1976).
The burglary statute defines burglary as “entering or remaining in a dwelling, a structure, or a conveyance with intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.” § 810.02(1) Fla. Stat. (1995). Independent of the confession, the record shows the following: the country club manager testified that golf carts were stolen from an enclosure adjacent to the clubhouse; appellant was found trying to free a golf cart from a ditch; appellant did not have permission or authorization to use the golf cart. Once the State offered proof that the golf carts were taken from the structure without permission, the confession was admissible. Accordingly the trial court was correct in denying the Motion for Judgment of Acquittal.
Appellant further argues that the trial court erred in placing him on community control for five and one-half years. Appellant was adjudicated guilty of burglary, a third degree felony under section 810.02(4), Florida Statutes (1995), and petit theft, a second degree misdemeanor under section 812.014(3)(a), Florida Statutes (1995). Section 39.054(l)(a)l, Florida Statutes (1995) states that the length of supervision over a juvenile shall not exceed the maximum term for which he or she may be incarcerated.[1] However, this subsection creates an exception for second degree misdemeanors whereby a juvenile can be supervised for up to six months, which exceeds the maximum of 60 days for a second degree misdemeanor set forth in section 775.082(4)(b), Florida Statutes (1995). Since the maximum sentence for a third degree felony under section 775.082(3)(d), Florida Statutes (1995) is five years, the trial court was correct to impose supervision for 5 years for the burglary adjudication and for 6 months for the petit theft.
The trial court did err by entering only one disposition order addressing both *1247 the burglary and petit theft charges. The law is clear that separate disposition orders must be entered for each offense adjudicated in juvenile delinquency proceedings. G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); M.L.B. v. State, 673 So.2d 582 (Fla. 5th DCA 1996); D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995).
AFFIRMED in part, REVERSED in part, REMANDED.
COBB and GOSHORN, JJ., concur.

. § 39.054 has been repealed by the Laws of Florida 97-238 § 116, effective October 1, 1997. However, the trial judge was correct in relying on § 39.054 when setting the time of supervision because the disposition report is dated January 31, 1997, before the statute was repealed.