LAWSON, J.
Noah Redding appeals from his convictions and sentences on charges of aggravated manslaughter of a child, and child abuse. Both relate to the death of his three-month-old daughter. Redding’s sole argument on appeal is that the trial court erred in denying his motions for judgment of acquittal. We agree with the trial court that the State presented sufficient evidence to support the convictions, and affirm.
At trial, it was undisputed that Redding was alone with his daughter on March 28, 2005, when she suffered severe head injuries that caused her death on that day. Although Redding made contradictory statements to police, he ultimately claimed that the child accidentally fell from his arms as he bent down to pick up a television remote. According to Redding, his daughter’s head struck the box spring of a bed, and then hit a carpeted floor.
According to the State’s medical experts, however, the child’s injuries could not have resulted from an accident inside the apartment. The child had a significant skull fracture, extensive subdural and sub-arachnoid hemorrhaging, diffuse brain swelling, and axonal injuries in the low brain stem and high spinal cord. The medical examiner testified that the kind of blunt-force trauma suffered by this infant could not have been caused accidentally “[ujnless the child was [accidentally] dropped from the second story” of a building. She testified that a child who accidentally fell from the shoulder-height of a person who was 6'2", and hit a box spring and carpeted floor, would not have sustained the type of injuries she observed on this child during the autopsy. She concluded that the child’s death “definitely” resulted from “an inflicted injury.” The other medical experts who testified for the State rendered similar opinions, ruling out accidental injury as the cause of death. Because opinions of the State’s medical experts, if believed by the jury, would exclude every reasonable hypothesis except that of guilt, Redding’s motions for judgment of acquittal were properly denied. Orme v. State, 677 So.2d 258, 262 (Fla.1996).
In his brief, Redding essentially argues that the opinion of his medical expert (who testified that the child’s death could have been accidental) is more credible than the opinions rendered by the State’s experts, because his expert better “accounts for” all of the medical evidence. However, weighing the credibility of competing expert opinions is the quintessential jury function, and is neither the role of a trial court considering a motion for judgment of acquittal nor of an appellate court reviewing the trial judge’s decision on that motion. As our supreme court explained in Orme, a court considering a motion for judgment of acquittal must view the evidence “in the light most favorable to the state.” Id. at 262 (quoting State v. Law, 559 So.2d 187, 188-89 (Fla.1989)). Further:
The state is not required to ‘rebut conclusively every possible variation’ of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
Id. (quoting State v. Allen, 335 So.2d 823, 826 (Fla.1976)) (emphasis added).
*483 Because the State presented competent evidence inconsistent with Redding’s theory that his daughter died from accidental injuries, the case was properly submitted to the jury.
AFFIRMED.
PLEUS, C.J., concurs.
GRIFFIN, J., concurs in result only, without opinion.