DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**RAQUEL FONSECA,**
Appellee.

No. 4D17-3726

[January 23, 2019]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 17-211CF10A.

Ashley B. Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellant.

Raquel Fonseca, Coral Springs, pro se.

MAY, J.

The State appeals an order granting the defendant's motion to suppress. The State argues the trial court erred in granting the motion when the arresting officer failed to identify the defendant at the hearing on the motion to suppress. We agree and reverse.

The case arose from the defendant's DUI arrest. An officer observed a black Lexus SUV swerving across traffic lanes. The vehicle was traveling sixty miles per hour in a forty mile per hour zone. The officer observed the vehicle's driver as she passed him. The driver had long hair and was wearing a pink top.

The officer activated the emergency lights and sirens in his marked police car; the defendant's vehicle accelerated to seventy miles per hour. The officer terminated the pursuit when he observed the vehicle run a solid red light and strike a valve box on the side of the road.

The officer recorded the vehicle's license plate number, "called it in," and obtained the address associated with the tag. The officer drove to the

residence where he saw the defendant exiting the Lexus's driver's side and a passenger exiting the passenger's side. The officer noticed the vehicle's hood was still "very hot." The vehicle's front passenger side was damaged.

The defendant ignored the officer's command to stop, attempted to unlock the front door, but could not do so before being detained. She then spontaneously repeated: "I'm sorry." The defendant resisted the officer by dropping to the ground and refusing to place her hands behind her back.

The officer observed that she had bloodshot watery eyes, slurred speech, was unsteady on her feet, and had a strong odor of alcohol. She admitted to drinking vodka earlier. A second officer administered a field sobriety test at the police station. He observed many signs of intoxication. The defendant refused to submit to a breath test.

The officer arrested the defendant. The State charged her with: (1) aggravated fleeing or eluding (high speed); (2) resisting police officer without violence; (3) DUI with property damage; (4) DUI; and (5) leaving the scene of a crash (unattended property).

The defendant entered a written plea of not guilty and moved to suppress her confession for lack of *corpus delicti*. Her motion argued the State had no independent evidence, aside from her confession, that she committed the charged offenses.

Ten months later, the trial court heard the defendant's motion to suppress. The arresting officer attested to the facts surrounding the arrest, but failed to identify the defendant in court. The State did not present any other witnesses.

The trial court granted the defendant's motion to suppress because the officer identified the defendant's sister, not the defendant, as the driver of the car. The State moved for rehearing and argued it was not required to establish the defendant's identification during a motion to suppress hearing, particularly because identity was not the issue raised in the motion.

The trial court found the *corpus delicti* rule encapsulated the officer's failure to identify the defendant as the driver. The judge emphasized that he granted the motion "entirely . . . on the fact the arresting officer could not identify the defendant . . . ."

"When reviewing a ruling on a motion to suppress an incriminating statement, [we] accord[] a presumption of correctness to the trial court's

factual findings, but independently review[] mixed questions of law and fact that ultimately determine constitutional issues." *State v. Jackson*, 120 So. 3d 88, 90 (Fla. 4th DCA 2013). "[A] trial court's application of the law to the historical facts is reviewed de novo." *Gilbert v. State*, 104 So. 3d 1123, 1125 (Fla. 4th DCA 2012) (citation omitted).

In the context of a DUI conviction, our supreme court defined *corpus delicti* as "'the fact that a crime has actually been committed, that someone is criminally responsible.'" *Burks v. State*, 613 So. 2d 441, 443 (Fla. 1993) (quoting *Ballentine's Law Dictionary* 276 (3d ed. 1969)). It further explained that "the identity of the defendant as the guilty party is not a necessary predicate for the admission of a confession." *Id.*

Significantly, the trial court based its ruling on *Burks*. But, *Burks* involved the appeal of a conviction, not a ruling on a motion to suppress. And, language in *Burks* actually conflicts with the trial court's ruling. In short, the case argued by the defendant, and relied upon by the trial court, is inapposite. *Burks*, 613 So. 2d at 443*; see also Franqui v. State*, 699 So. 2d 1312, 1317 (Fla. 1997) (proof of *corpus delicti* is required before a confession can be admitted, but the State is not required to identify the defendant to establish *corpus delicti*).[1]

We therefore reverse and remand the case to the trial court to vacate the suppression order.

*Reversed and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The defendant also relied on *State v. Hepburn*, 460 So. 2d 422 (Fla. 5th DCA 1984). But, *Hepburn* is also distinguishable. It also involved an appeal of a criminal conviction. But, there no one witnessed the hit-and-run, and the defendant did not confess to the crime. *Id.* at 423-25.