DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**S.I.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1551

[August 17, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502020CJ000119AMB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

### *ON MOTION FOR CLARIFICATION*

KLINGENSMITH, C.J.

We grant the joint motion for clarification, withdraw our previous opinion issued July 6, 2022, and substitute the following written opinion in its place.

S.I. ("appellant") appeals the disposition order adjudicating him delinquent for leaving the scene of an accident and driving without a valid driver's license. He raises five issues on appeal, but we find merit in only one—whether the trial court erred in overruling appellant's corpus delicti objection on the charge of driving without a valid driver's license. On that point, we agree with appellant and reverse his conviction on that count.

The traffic accident at the heart of the charges occurred when appellant attempted to make a U-turn, blocked the road, and caused an oncoming motorcyclist to crash into his car. After the crash, appellant left the scene of the accident and went to a nearby friend's house, where he stayed until

police officers arrived. During the investigation, appellant identified himself as the driver of the car parked outside and told the deputy that he borrowed the car from a friend and caused the accident by mistake.

The deputy then asked appellant for his driver's license; however, appellant admitted he did not have one. During his non-jury trial,[1] appellant raised a corpus delicti objection to the admission of this statement, arguing that aside from his confession, the State had no evidence establishing that appellant drove the car without a license. The trial court overruled the objection and later found appellant guilty on both counts, withheld adjudication, and placed appellant on probation until he turned nineteen. This appeal followed.

"The trial court's admission of a confession over a *corpus delicti* objection is reviewed for an abuse of discretion." *J.B. v. State*, 166 So. 3d 813, 816 (Fla. 4th DCA 2014); *see T.C.C. v. State*, 292 So. 3d 549, 551 (Fla. 2d DCA 2020).

Corpus delicti is Latin for "body of the crime" which "reflects the simple principle that a crime must be proved to have occurred before anyone can be convicted for having committed it." Black's Law Dictionary (11th ed. 2019). In criminal trials, the State must independently present "'substantial evidence' tending to show the commission of the charged crime." *State v. Allen*, 335 So. 2d 823, 825 (Fla. 1976). "This standard

---

[1] Appellant's trial was conducted during the pandemic as a virtual adjudicatory hearing. Our court has previously held that such a procedure does not violate either appellant's due process rights or his Confrontation Clause rights under the Sixth Amendment or as found in the Florida Constitution. *E.A.C. v. State*, 324 So. 3d 499 (Fla. 4th DCA 2021); *Brown v. State*, 335 So. 3d 123 (Fla. 4th DCA 2022). However, in *Brown*, our court did certify the following question to the Florida Supreme Court:

> WHETHER FUNDAMENTAL ERROR OCCURS WHEN A CRIMINAL DEFENDANT, PURSUANT TO *IN RE COMPREHENSIVE COVID-19 EMERGENCY MEASURES FOR THE FLORIDA STATE COURTS*, FLORIDA ADMINISTRATIVE ORDER AOSC20-23, AS AMENDED, VIRTUALLY ATTENDS HIS SENTENCING VIA A VIRTUAL MEDIA PLATFORM, BUT DID NOT EXPRESSLY WAIVE HIS SIXTH AMENDMENT RIGHT TO BE PHYSICALLY PRESENT IN THE COURTROOM, YET DID NOT REQUEST CONFIDENTIAL ACCESS TO HIS ATTORNEY.

*Brown*, 335 So. 3d at 130–31.

does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime." *Id.*

A confession in a criminal case is not "sufficient evidence of a criminal act where no independent direct or circumstantial evidence exists to substantiate the occurrence of a crime." *T.C.C.*, 292 So. 3d at 551 (quoting *Allen*, 335 So. 2d at 825). In *T.C.C.*, the Second District reversed a juvenile's adjudication of delinquency because the State did not establish the corpus delicti of the charged offenses. 292 So. 3d at 552. That court found the State's presented evidence, without the juvenile's confession, did not establish his control of the firearm found on the scene. *Id.*

At trial, the State's evidence established that after the crash, a car left the scene of the accident, and a similar car was later found near an apartment building where appellant was located. The State presented enough circumstantial evidence to connect appellant to the car involved in the accident; however, except for his confession, no evidence was presented which established that appellant drove without a valid driver's license.

Appellant argues that without his confession, the State's evidence as presented at trial was insufficient to independently establish the charge of driving without a driver's license. In its answer brief, the State acknowledges the trial court's error and agrees that the case should be reversed for the trial court to enter an amended order. We agree as well. *See Allen*, 335 So. 2d at 825. Because driving a motor vehicle is not a crime in and of itself, the State needed to present independent evidence showing appellant drove without a license, which the State failed to do. As such, with appellant's confession alone, the State did not present sufficient evidence to establish the corpus delicti of driving without a valid driver's license. *See T.C.C.*, 292 So. 3d at 552.

Therefore, we reverse and remand to the trial court to enter an amended order discharging appellant on the charge of driving without a valid driver's license. We affirm on all other issues raised without additional comment.

*Affirmed in part, reversed in part, and remanded.*

MAY and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3