**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12355

Non-Argument Calendar

————————————————

LAVON R. SHINN,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00956-RBD-RMN

————————————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Lavon Shinn is a Florida prisoner serving a total life sentence for second-degree murder, aggravated battery with a firearm, and

shooting from a vehicle.  In 2022, Shinn filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He alleged, among other claims, that his appellate counsel was ineffective for failing to raise on direct appeal the issue of whether the State established "the corpus delicti for the crimes of which [he] was convicted."  The district court denied this claim, and we granted a certificate of appealability ("COA") to review that ruling.  After careful review, we affirm the denial of Shinn's § 2254 petition.

## I.

These are the relevant facts.  Shinn was convicted by a Florida jury of participating in a drive-by shooting on the night of April 16, 2016, which killed two people and injured four others.  On direct appeal, a Florida appellate court affirmed his convictions for two counts of second-degree murder, four counts of aggravated battery with a firearm, and one count of shooting from a vehicle.

Shinn filed a *pro se* habeas petition in state court, arguing, as relevant here, that his "[a]ppellate [c]ounsel was [i]neffective for failing to raise the issue of the State not establishing the [c]orpus [d]elicti for the crimes of which he was convicted."  He argued that the State failed to establish a chain of custody for the bodies of the two deceased victims, so it failed to prove that anyone died.  He also asserted that the State failed to produce evidence that the other victims had been shot or were injured in any way.  And he contended that the State failed to establish a chain of custody for the .40 caliber Glock handgun allegedly used in the offense or the projectiles found at the scene, among other evidentiary deficiencies.

The State responded that (1) Shinn failed to sufficiently plead his corpus delicti claim because his allegations were merely conclusory; (2) appellate counsel was not ineffective for failing to raise a claim that was not preserved for appeal; and (3) his corpus delicti argument was without merit.  The state appellate court issued an order denying Shinn's petition "on the merits" without further analysis.

Shinn then filed a habeas corpus petition in federal district court under 28 U.S.C. § 2254.  The district court denied the § 2254 petition and denied a COA.  As relevant here, the court found that, because trial counsel never argued that a corpus delecti violation occurred, appellate counsel was not deficient for failure to raise a procedurally barred issue.  The court noted that the failure to object did not prevent review for "fundamental error," but it found that no fundamental error occurred.  Shinn appealed, and a judge of this Court granted this COA: "Whether the district court erred in denying [this claim] on the ground that appellate counsel was not deficient for failing to raise a procedurally barred issue. *See F.B. v. State*, 852 So. 2d 226, 230–31 (Fla. 2003)."

## II.

On appeal from the district court's denial of a habeas petition, "we review questions of law and mixed questions of law and fact *de novo*." *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010) (quotation marks omitted).

Federal habeas review under § 2254 is "greatly circumscribed and is highly deferential to the state courts." *Id.* (quotation

marks omitted).  Federal courts can grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The petitioner "must show that the state court applied federal law to the facts of his case in an objectively unreasonable manner."  *Alston*, 610 F.3d at 1325.

When, as here, the state court's decision was "unaccompanied by an explanation," the habeas petitioner bears the burden of "showing there was no reasonable basis for the state court to deny relief."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  And "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id.* at 99.

"It is well established that a defendant has the right to effective counsel on appeal."  *Knight v. Dugger*, 863 F.2d 705, 744 (11th Cir. 1988).  A defendant can establish ineffective assistance of appellate counsel by showing (1) that appellate counsel's performance was objectively unreasonable; and (2) a reasonable probability exists that, but for counsel's deficient performance, he would have prevailed on appeal.  *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000) (*citing Strickland v. Washington*, 466 U.S. 668 (1984)).

24-12355                Opinion of the Court                5

The term "corpus delecti" refers to "the fact that a crime has actually been committed, that someone is criminally responsible." *Burks v. State*, 613 So. 2d 441, 443 (Fla. 1993). The State has the burden of proving that a crime was committed, and such proof may be in the form of circumstantial evidence. *Id.* The corpus delicti of a particular crime encompasses the elements that establish that the crime was committed but omits the elements that establish that a particular defendant committed the crime. *See id.* at 443 n.2. In homicide cases, for instance, "the corpus delicti consists of three component elements: First, the fact of death; second, the criminal agency of another person as the cause thereof; and, third, the identity of the deceased person." *Lee v. State*, 117 So. 699, 701 (Fla. 1928). "[T]he State cannot offer into evidence an admission against interest to prove an element of the charged offense in the absence of an independently established corpus delicti." *J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998).

Under Florida law, the failure of trial counsel to object at trial generally bars appellate review, unless the error constitutes fundamental error. *See Jackson v. Dugger*, 931 F.2d 712, 715 n.7 (11th Cir. 1991). In Florida, "[a]n argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved," as such failure "meets the requirements of fundamental error—i.e., an error that reaches to the foundation of the case is equal to a denial of due process." *F.B. v. State*, 852 So. 2d 226, 230–31 (Fla. 2003).

### III.

Here, the district court did not err in denying Shinn's § 2254 habeas petition.  Even liberally construing his briefing on appeal, Shinn does not challenge the court's conclusion that his trial counsel's failure to raise a corpus delicti argument barred appellate review in state court except for "fundamental error."  *See J.B.*, 705 So. 2d at 1378 (holding that "the admission of a confession in the absence of independent proof of the corpus delicti is not fundamental error," so a contemporaneous objection was required "to preserve the issue for appeal"); *F.B.*, 852 So. 2d at 230 (stating that, under Florida law, the "argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved").  And we agree with the district court that Shinn failed to establish any grounds to conclude that fundamental error occurred.

The trial record makes plain that the State adequately proved the corpus delicti of Shinn's convictions.  The State presented evidence of a drive-by shooting of a group of people outside a residence on April 16, 2016, supporting the count for shooting from a vehicle.  The state offered proof that Gino Nichols and Tanya Skeen were killed by gunshot wounds suffered during the shooting, supporting the two counts of second-degree murder.[1]

---

[1] In particular, the jury heard evidence that Tanya Skeen was shot in the head, that she was brought to the hospital, and that the pathologist who conducted the autopsy of the body identified as Skeen found that she died by gunshot wound to the head.  The jury also heard that, after the shooting, Gino Nichols lay on the ground gasping for air, that he was brought to the hospital with

*See Lee*, 117 So. at 701; Fla. Stat. § 782.04(2).  It also offered evidence that four other named individuals, three of whom testified at trial, suffered non-fatal gunshot injuries in the same incident, supporting the four counts of aggravated battery with a firearm.  *See Burks*, 613 So. 2d at 443 & n.2; Fla. Stat. § 784.045.

Shinn complains that the State failed to establish chain of custody for the bodies of Nichols and Skeen or the Glock firearm allegedly used in the crime, or to offer proof of injuries suffered by the four other victims.  But these arguments go to alleged "technical deficienc[ies] in proof," which "may be readily addressed by timely objection or motion."[2]  *F.B.*, 852 So. 2d at 230.  They do not strike at the "validity of the trial itself."  *Id.* at 229.  In other words, this is not a case where "the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law," or where the "evidence is insufficient to show that a crime was committed at all."  *Id.* at 230–31.

For these reasons, the state court had reasonable grounds to conclude that appellate counsel's failure to raise a claim of fundamental error on direct appeal was neither deficient nor prejudicial.

---

severe injuries, and that the pathologist who conducted the autopsy of the body identified as Nichols found that he died by three gunshot wounds.  Bullet fragments recovered from Nichols's body matched shells recovered from the scene of the shooting.

[2] Notably, Shinn's counsel's opening statement expressed that they were not disputing that the crimes charged occurred; rather, they were arguing that Shinn did not have anything to do with them.

8                       Opinion of the Court                    24-12355

*See Smith*, 528 U.S. at 285–86; *Harrington*, 562 U.S. at 98.  Accordingly, the district court properly denied habeas relief under 28 U.S.C. § 2254.  *See Alston*, 610 F.3d at 1325.  We affirm.

    **AFFIRMED.**