BARKDULL, Chief Judge.
The appellant, who was convicted of first degree murder with a recommendation of mercy, seeks review of his conviction and alleges as grounds for reversal and the granting of a new trial only one error, to wit: the introduction into evidence of a confession disclosing the homicide during the commission of a felony, and contends' that the trial judge erred in permitting same into evidence when the corpus delicti of the crime had not been established.
The appellant was indicted by the Grand Jury and charged,, under § 782.04, Fla.Stat., F.S.A., with the commission of a homicide while “in the perpetration of robbery or in the attempt to perpetrate robbery”. It is the appellant’s contention that to establish the corpus delicti in order to permit a confession into evidence, it is necessary for the State to establish not only the facts relating to homicide, but also the fact of the commission of the felony.
In denying the motion for new trial, the trial judge said:
“This cause came on to be heard on the defendant’s motion for new trial. The principal contention of the defend ■ ant is that the state failed to adequately prove the corpus delicti as a condition precedent to the introduction in evidence of the defendant’s various and sundry confessions. More specifically, the defense argues that, since the state was proceeding under the murder felony statute, independent proof of a robbery or attempted robbery is a component part of the corpus delicti for murder in the first degree under that statute.
“In fairness to the defendant this is to state that if such independent evidence is a part of the corpus delicti it was lacking and a new trial would have to be granted. However, the court’s examination of the applicable authorities does not sustain the defendant’s contention. See Spanish v. State, Fla., 45 So.2d 753, for a definition of corpus delicti in homicide cases in Floride. See also, Jefferson v. State, Fla., 128 So.2d 132, for a definition of the ‘criminal agency of another’ as that phrase is applied in connection with the corpus delicti in homicide cases.
See further, for a case in point: People v. Lytton, 257 N.Y. 310 178 N.E. 290. * * * ”
It is the State’s position that the corpus delicti of the crime charged is the homicide, and upon this being established it was permissible for the trial judge to permit the confession into evidence.
We agree with the State. In attempting to prove a homicide sufficient in nature to warrant the jury returning a verdict of first degree murder, in order to es *665 tablish the corpus delicti it is only necessary for the State to establish three elements, to wit: “first, the fact of death; second, the criminal agency of another person as the cause thereof; and third, the identity of the deceased person”, [See: Jefferson v. State, Fla.1961, 128 So.2d 132] and to present facts sufficient to the jury from which they may draw the conclusion of premeditation. It has been held that in an attempt to prove first degree murder based upon premeditation, a confession of the accused may be introduced into evidence after the proof of the homicide, to wit: the corpus delicti, even though the only facts or evidence which tend to establish the premeditation were contained in the confession. See: Padgett v. State, 121 Fla. 42, 163 So. 291.
No error having been made to appear, the conviction, judgment and sentence here under review is affirmed.
Affirmed.