288 So.2d 506 (1973)
Robert H. TROWELL, Appellant,
v.
STATE of Florida, Appellee.
No. S-369.
District Court of Appeal of Florida, First District.
December 27, 1973.
Rehearing Denied February 12, 1974.
John F. Roscow, III, Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon & Langdon, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
CREWS, JOHN, J., Associate Judge.
Appellant was convicted of manslaughter upon jury trial, and from the judgment of conviction and sentence of five years, he perfected this appeal.
The appellant urges two points:
1. The trial court erred in failing to strike the testimony of Doctor Robert A. Klein, and
2. It erred in failing to direct a judgment of acquittal at the close of the State's case because the State failed to prove the death of Raymond Jones.
We agree that the evidence was insufficient to sustain the conviction, and hence reverse.
Summarizing, the facts are that on the evening of June 28, 1972, one Raymond Jones, about eighteen, and several of his friends arrived at the Santa Fe Bar in Columbia County, Florida.
The appellant, together with others, also patronized that oasis from thirst at the same time.
As so often happens when strong drink "runneth down smoothly", a dispute arose which culminated in the appellant firing a bullet from a twenty-two caliber rifle *507 which struck Raymond Jones in the neck causing him to fall, where he lay conscious until he was removed by ambulance to Shands Teaching Hospital at the Medical Center in Gainesville.
Five days later, pursuant to Court Order and upon request of the State Attorney, Doctor Robert A. Klein, Pathologist, performed an autopsy at the Alachua General Hospital on a body identified as that of Raymond Jones.
The cadaver was that of a young man who had an incision sutured in his upper neck in the midline front and upon whom a tracheotomy had been performed. Doctor Klein found a bullet which he testified would have had to enter through the front of the neck, but the bullet was not proffered or otherwise identified.
Cross-examination revealed that the State's Pathologist had never met Raymond Jones, did not know of his own personal knowledge the identity of the individual upon whom he performed the autopsy, and did not know when such person suffered a wound or underwent anything else.
The defendant then moved to strike the testimony, which motion was granted subject to the State being able to rehabilitate it.
On redirect, Doctor Klein established that the body was that of a Negro male, approximately eighteen years of age, with a wound in the front of his neck. He admitted that no medical records were sent to him containing the name of the decedent upon whom he discharged his duty as medical examiner.
The record is bereft of any evidence as to how the body got to the Alachua General Hospital, and no one other than Doctor Klein during the course of the trial testified that he had ever seen a dead body.
Thereupon, the learned trial judge, being persuaded that the prosecution had "rehabilitated" its testimony, and had adduced sufficient evidence to establish the corpus delicti, denied the motions, supra.
The Supreme Court of Florida in the often cited case of Lee v. State,[1] enunciated the well established rule in this State when it said at page 701:
"In homicide cases, the corpus delicti consists of three component elements: First, the fact of death; second, the criminal agency of another person as the cause thereof; and, third, the identity of the deceased person."
Lee is also authority for the equally long adopted rule that "... when proof of the corpus delicti rests upon circumstances, and not upon direct proof, it must be established by the most convincing, satisfactory, and unequivocal proof compatible with the nature of the case, excluding all uncertainty or doubt. Like every other essential element of the offense, the corpus delicti must be proven beyond a reasonable doubt, by evidence of the character just mentioned." See also Sims v. State,[2] Reyes v. State,[3] and Jefferson v. State,[4]
In Johnson v. State[5] the Fourth District Court of Appeal reversed a conviction of second-degree murder where the body of a wife shot by her husband was never identified after death nor any witness viewed the body after death. The court held as a matter of law that the essential ingredient of the corpus delicti, the identity of the deceased, was not established.
Since we are not confronted in the case sub judice with a situation where the body was unknown, multilated, decomposed or lost, which might justify a lesser degree of proof, we are bound by the rule as stated in Lee, supra, that is, the corpus delicti must be proved beyond a reasonable doubt.
*508 It would have been manifestly easy for the State in its zeal to prove beyond a reasonable doubt that Raymond Jones was dead and to identify his dead body:
1. There could have been the testimony of a relative or friend who saw his dead body as late as the funeral service;
2. The funeral director, if he knew him personally;
3. Any person who saw his corpse at the hospital who knew him personally;
4. A photograph could have been taken of the cadaver which was autopsied which could later at trial have been identified by any person who knew him in his lifetime;
5. A picture properly identified as Raymond Jones when alive could have been identified at trial as the person upon whom Doctor Klein performed the autopsy;
6. Since allegedly death occurred sometime after the incident at the Santa Fe Bar, a certified copy of the death certificate could have been proffered;
7. Circumstantial evidence, such as the contents of the body's billfold, rings and other personal effects, garments, etc., could have been utilized;
8. Scientific evidence, such as fingerprints, identification of teeth, hair, etc., tending to establish identity, may have been available to the State; and finally
9. The prosecution could have at least proffered the hospital records where presumably Raymond Jones died, as well as the bullet which caused the death of the person whose body was somehow delivered to the autopsy room of the Alachua General Hospital on July 3, 1972.
We belabor and detail these elementary procedures so that hopefully never again will this Court have to reverse a conviction because the State failed to prove the alleged victim dead and his identity.
A great deal of time and cost is expended to bring to the bar of justice those accused of crime. The people, as well as a defendant, are entitled to justice. Such cannot be accomplished in a homicide case if the prosecutor palpably fails to prove the essential elements of corpus delicti.
Reversed and remanded for new trial.
WIGGINTON, Acting C.J., and SPECTOR, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
Petition for rehearing denied. See Cordell v. State (1946), 157 Fla. 295, 25 So.2d 885, 887; Kilbee v. State (Fla. 1951), 53 So.2d 533.
SPECTOR, Acting C.J., and WIGGINTON, JOHN T., and CREWS, JOHN J., Associate Judges, concur.
NOTES
[1] 96 Fla. 59, 117 So. 699 (Fla. 1928).
[2] 184 So.2d 217 (Fla.App. 1966).
[3] 155 So.2d 663 (Fla.App. 1963).
[4] 128 So.2d 132 (Fla. 1961).
[5] 201 So.2d 492 (Fla.App. 1967).