793 So.2d 1190 (2001)
Lenon Lee McARTHUR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1980.
District Court of Appeal of Florida, Fifth District.
September 21, 2001.
*1191 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Lenon Lee McArthur ["McArthur"] appeals his conviction for third-degree felony murder. He has raised three issues, one of which merits discussion. McArthur maintains that the corpus delicti of the offense of third-degree felony murder requires proof not only of the facts surrounding the murder, but also proof of the felony underlying the offense. He contends that the State offered no legally sufficient evidence at trial of the commission of any felony independent of the murder, such as sale of drugs; thus, his confession should not have been admitted.
The facts available are the following. A shooting took place at Brown's Apartments on June 3, 2000, at two or three o'clock in the morning. A friend of McArthur's, Benjamin Jenkins, testified that he was at Brown's Apartments that night and saw a dark car driven by a white man stop and saw McArthur run to it. This witness saw McArthur "extend his body into the driver's window" and then saw him dive through the driver's window. When the car got to the stop sign, the witness saw Gerald Joe, a good friend of McArthur's, run to the driver's side door, extend his arm into the window and point at the driver. The witness heard a gunshot. The witness saw McArthur leave the car through the passenger door. At no time did the witness hear any conversation or other noises issue from the car, or from anyone at all.
Another witness, James Martin, who knows both McArthur and the man who fired the shot, testified that the two were "close friends". He saw both men at Brown's Apartments between two and three o'clock on the morning of June 3, 2000. He saw them both run towards a green car.
*1192 At 2:20 a.m., a police officer found a black Ford Escort against a light pole, with its driver, Brandon Smith ["Smith"], dead. Through the autopsy, it was determined that Smith had died not from a crash but from a gunshot wound to the chest. McArthur was charged by amended information with third-degree felony murder for the death of Smith. The felonious act underlying the charge of felony murder was the sale or attempt to sell cannabis to Smith, or possession of cannabis with intent to sell, at the time of Smith's death.
After the foregoing facts had been established at trial, the State attempted to introduce McArthur's videotaped confession into evidence. The defense argued that the confession was inadmissible because proof that the death had occurred during the commission of a felony (i.e. in the course of an attempted drug transaction) was part of the corpus delicti of felony murder.[1] However, the court found that the corpus delicti of felony murder was the same as that for any other murder, and did not require proof of the underlying felony before the confession could be introduced into evidence. The court relied on Reyes v. State, 155 So.2d 663 (Fla. 3d DCA 1963).
McArthur's confession was thereafter introduced into evidence. In the confession, McArthur described leaning far into the victim's car for "protection" and asking what he wanted. The man said he wanted a "twenty" worth of "weed". McArthur told him he would have to go get it.[2] However, the man suddenly took off and swept McArthur off his feet. McArthur's response was to pull himself into the car on the driver's side and climb over the man into the passenger seat, to keep from being dragged. The man would not stop to let McArthur out and fought off McArthur's attempts to grab the ignition key. He drove to the stop sign, where McArthur's friend, Gerald Joe, caught up with them. Gerald Joe pointed the gun at the victim and told him to stop the car and let McArthur out. The victim tried to drive away and that is when McArthur heard the gunshots. McArthur agreed that Gerald Joe was his backup. After the man was shot, McArthur jumped out of the moving vehicle. He said several times he was scared. He ran home. He claimed he knew nothing about the gun used in the shooting.
The phrase "corpus delicti" means "body of the crime," and refers generally to proof that a crime has been committed. Franqui v. State, 699 So.2d 1312 (Fla.1997); Black's Law Dictionary 344 (6th ed.1990). The rule requiring proof of the corpus delicti of an offense is meant to insure that a defendant's conviction is based on something more than his confession. It requires the existence of corroborating proof that an offense has been committed before a defendant's confession can be admitted. Tucker v. State, 64 Fla. 518, 59 So. 941 (1912); Holland v. State, 39 Fla. 178, 22 So. 298 (Fla.1897). The rule is designed to insure that "no person be convicted out of derangement, mistake or official fabrication." State v. Allen, 335 So.2d 823, 825 (Fla.1976).[3]
*1193 Florida has followed the majority rule in holding that the "corpus delicti" of a crime is the body, foundation or substance of the crime, which is generally said to include two elements: the act and the criminal agency of the act. Burks v. State, 613 So.2d 441, 443 n. 2 (Fla.1993). Recently, however, the Supreme Court of Florida has also suggested that proof that a criminal act was committed requires proof of each element of an offense. For example, in Franqui, 699 So.2d 1312, the court stated:
In order to prove corpus delicti, the State must establish: (1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another. State v. Allen, 335 So.2d 823, 825 (Fla. 1976). In regard to the first partthat a crime was committedeach element of the relevant offense must be shown to exist. Burks v. State, 613 So.2d 441, 443 (Fla.1993). With respect to the second partthe criminal agency of another the proof need not show the specific identity of the person who committed the crime. Id. That is, it is not necessary to prove that the crime was committed by the defendant.
Id. at 1317 (emphasis added). Similarly, in Allen, 335 So.2d 823, the court explained:
The state has a burden to bring forth `substantial evidence' tending to show the commission of the charged crime. This standard does not require the proof to be uncontradicted or overwhelming, but it must at least show the existence of each element of the crime. The state's burden of proof `beyond a reasonable doubt' is a requirement to establish the defendant's guilt, not to authorize admission of his confession.
Id. at 825 (emphasis added).
A requirement that the prosecution adduce proof of each element of an offense may invite the conclusion that the State must offer proof of the underlying felony in a prosecution for felony murder. However, McCormick asserts that the requirement of corroborating proof of each element of an offense is disfavored, particularly in felony murder cases:
The traditional approach has been to require that the elements of the offense be carefully distinguished [from the corpus delicti] and that the corroborating evidence tends to show each of those elements. A growing number of courts, however, are abandoning the strict requirement that the corroborating evidence tend to prove all the elements of the corpus delicti. Thus the corroborating evidence need only tend to show the "major" or "essential" harm involved in the offense charged and not all of the elements technically distinguished. This tendency is most pronounced in homicide cases, where defendants are often tried for offenses that involve requirements beyond simply the causing of death in a criminal manner.
* * *
Felony murder cases have posed the problem with special difficulty. Under the traditional application of the corpus delicti formulation, the elements of felony murder include the predicate felony as well as the fact of death and the causing of it in a criminal way; thus, corroborating evidence would have to tend to prove that predicate felony. Most courts, however, have balked at *1194 this and have held that the corroborating evidence need not tend to prove the predicate felony.
The general rule in felony murder cases is sometimes regarded as reflecting the principle that elements affecting only the degree or seriousness of the crime are not part of the corpus delicti which needs to be corroborated. Thus in a prosecution for burglary that would be first degree burglary because it was committed in the nighttime, the time of the entry could be proved by the confession alone because the time of entry determined only the degree of burglary committed.
1 McCormick on Evidence § 146 pp. 525-526 (Strong 5th Ed.1999) (footnotes omitted).
Consistent with the rule outlined in McCormick, the vast majority of courts hold that the corpus delicti in felony murder cases consists of the fact of death through a criminal agency, and does not require proof of the underlying felony. These courts theorize that proof of the underlying felony is used to establish only the degree of the offense or the mental state of the defendant, but is unnecessary to show the essential harm underlying the offense.[4]
A minority view holds that the prosecution must demonstrate independent evidence of both the homicide and the predicate felony to satisfy the corpus delicti requirement in felony murder cases.[5] These courts reason that felony murder is a compound offense, consisting of both a homicide and a felony; therefore, the State should be required to produce evidence independent of the defendant's confession for each crime. In DeJesus v. State, 655 A.2d 1180 (Del. 1995), the court explained that the purpose of the rule is satisfied only when there is independent proof of both elements of the offense:
The corpus delicti rule serves to protect those defendants who may be pressured to confess to crimes that they either did not commit or crimes that did not occur. [Bright v. State, Del.Supr., 490 A.2d 564, 569 (1985).] In our view, a person is just as likely to confess to a non-existing felony as he is to confess to a nonexisting murder.
Id. at 1202.
The Supreme Court of Florida plainly adopted the majority view of this issue in Jefferson v. State, 128 So.2d 132 (Fla.1961). In Jefferson, the court considered the proof necessary to establish the corpus delicti of the offense of first-degree murder, and concluded that the State did not have to offer proof of the underlying felony as part of the corpus delicti of first-degree felony murder. The Jefferson court explained:
It is [defendant's] contention that in a first degree murder case the independent proof of `the criminal agency of *1195 another' must include proof of either actual premeditation or of the commission of one of the enumerated felonies which would justify conviction of first degree murder without premeditation.
We are unable to agree with this contention. Evidence of `criminal agency of another', as that phrase applies in connection with corpus delicti in homicide cases, means evidence which tends to show that the deceased died, not as the result of natural or accidental causes, or by his own hand, but by the hand of another under such circumstances that the killing would amount to homicide in any of its degrees. In short, we do not believe that there is any requirement in a case of first degree murder that there be proof aliunde a confession or admission of the defendant that the killing was premeditated or that it was committed in the perpetration or attempted perpetration of any of the felonies enumerated in Section 782.04, F.S.A.
The precise point involved here was raised and disposed of in a learned opinion by Chief Justice Cardozo in the case of People v. Lytton, 257 N.Y. 310, 178 N.E. 290, 291, 79 A.L.R. 503. In that case the following language appears:
`The defendant insists that upon a trial for homicide perpetrated in the commission of another and independent felony * * *, a confession is insufficient evidence to sustain a conviction, though there is corroborating evidence of the fact of the homicide, unless there is also corroborating evidence, i.e., evidence apart from the confession, of the independent felony, and that the trial judge erred in charging to the contrary.
`The charge is in accordance with the settled doctrine of this court * * *'. The court went on to hold that if the corroborating evidence is sufficient to confirm the confession of a homicide there is no requirement that it also confirm the confession of a homicide in any particular degree. It has been noted that in New York the requirements as to corroboration of an extra-judicial confession have been placed in statutory form. Nevertheless, it appears that the statutes are generally in line with the law of this state concerning the same subject.
Id at 135-136. In Reyes, 155 So.2d 663, a case relied on by the trial court, the Third District followed Jefferson in holding that proof of the corpus delicti in first-degree felony murder cases does not require independent proof of the underlying felony before a confession can be introduced into evidence. See also McIntosh v. State, 532 So.2d 1129 (Fla. 4th DCA 1988).
Notwithstanding the Supreme Court of Florida's more recent general references to proof of each element of the offense, Jefferson is directly on point and has not been overruled.[6] Moreover, it is the favored rule. We therefore affirm based on Jefferson and Reyes.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.
NOTES
[1] In Florida, it is generally error to admit a confession without proof of the corpus delicti of an offense. Schwab v. State, 636 So.2d 3 (Fla.1994); Burks v. State, 613 So.2d 441 (Fla. 1993); State v. Allen, 335 So.2d 823, 824 (Fla.1976).
[2] At another point in his confession, McArthur suggests that he in fact had the marijuana on him and may have dropped it inside the car.
[3] A more complete history of the rule can be found in People v. Cotton, 191 Mich.App. 377, 478 N.W.2d 681 (1991), in which Judge Murphy notes that many of the early cases applying the rule were homicide cases involving prosecutions for killings occurring aboard ships upon the high seas. The rule was never expanded beyond homicide prosecutions in England, but in this country was extended to included crimes other than homicide.
[4] See, e.g., Hart v. State, 301 Ark. 200, 783 S.W.2d 40, 42 (1990); People v. Cantrell, 8 Cal.3d 672, 504 P.2d 1256, 1261-62, 105 Cal. Rptr. 792 (1973); State v. Oliveras, 210 Conn. 751, 557 A.2d 534, 535-537 (1989); Fleener v. State, 274 Ind. 473, 412 N.E.2d 778 (1980); Ballard v. State, 333 Md. 567, 636 A.2d 474 (1994); Gentry v. State, 416 So.2d 650, 652-53 (Miss.1982); State v. Johnson, 31 N.J. 489, 158 A.2d 11 (1960); People v. Lytton, 257 N.Y. 310, 178 N.E. 290 (1931) (Carodozo, J.); State v. Franklin, 308 N.C. 682, 304 S.E.2d 579 (1983); Commonwealth v. Weeden, 457 Pa. 436, 322 A.2d 343 (1974); State v. Burnette, 78 Wash.App. 952, 904 P.2d 776 (1995).
[5] See, e.g., DeJesus v. State, 655 A.2d 1180 (Del. 1995); State v. Bradford, 254 Kan. 133, 864 P.2d 680 (Kan.1993); Gribble v. State, 808 S.W.2d 65, 71 (Tex.Crim.App.1990); People v. Allen, 390 Mich. 383, 212 N.W.2d 21 (1973), approving, 39 Mich.App. 483, 197 N.W.2d 874 (1972) (Levin, J., dissenting); see also People v. Hughey, 186 Mich.App. 585, 464 N.W.2d 914 (1990).
[6] See Atkins v. Dugger, 541 So.2d 1165, 1168 (Fla.1989) (Grimes, J., concurring.)