814 So.2d 1087 (2002)
STATE of Florida, Appellant,
v.
David DIONNE, Appellee.
No. 5D01-1087.
District Court of Appeal of Florida, Fifth District.
March 15, 2002.
Rehearing Denied May 3, 2002.
*1089 Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, *1090 Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.
SAWAYA, J.
The State appeals the trial court's order granting David Dionne's motion to suppress his confession following his arrest for sexual battery.[1] The trial court held that application of section 92.565, Florida Statutes (2000), which was enacted after the date of Dionne's alleged incident, violates the Ex Post Facto Clause of both the United States and Florida Constitutions. We reverse as to that issue.

Factual Background
Dionne was charged by information with committing sexual battery against his sleeping victim, a person twelve years of age or older, in violation of section 794.011(5), Florida Statutes (2000). The incident was alleged to have occurred between January 7 and 8, 2000. Dionne filed a motion to suppress a confession he gave the police subsequent to his arrest, arguing that the State could not independently establish the corpus delicti of the crime because the victim was asleep during the alleged sexual battery.
A hearing on the motion was held in November 2000. Initially, the trial court denied Dionne's motion pursuant to section 92.565, Florida Statutes (2000), which became effective on June 5, 2000, and provides in pertinent part:
(2) In any criminal action in which the defendant is charged with a crime against a victim ... involving sexual abuse; ... or any other crime involving sexual abuse of another, ... the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds ... that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was: (a) Physically helpless, mentally incapacitated, or mentally defective....
§ 92.565(2)(a), Fla. Stat. (2000). Dionne then filed a supplemental motion to suppress his confession, arguing, inter alia, that the application of section 92.565 to his case violated the Ex Post Facto Clause of the United States and Florida Constitutions. The trial court agreed and entered an order granting Dionne's motion.
The issue we must resolve, which appears to be one of first impression, is whether retrospective application of section 92.565 violates the Ex Post Facto Clause contained in the federal and Florida constitutions. In order to resolve this issue, we will discuss the provisions of section 92.565, address the general categories of ex post facto laws, and analyze whether retrospective application of section 92.565 fits into one of the prohibited categories.

Section 92.565: Elimination Of The Corpus Delicti Requirement To Admit A Confession In Cases Involving Certain Designated Offenses
As a predicate to the admission of a confession into evidence, Florida law *1091 generally requires that the corpus delicti be established independently of the confession. Franqui v. State, 699 So.2d 1312 (Fla.1997); Bassett v. State, 449 So.2d 803 (Fla.1984); McArthur v. State, 793 So.2d 1190 (Fla. 5th DCA 2001). "In order to prove corpus delicti, the State must establish: (1) that a crime of the type charged was committed; and (2) that the crime was committed through the criminal agency of another." Franqui, 699 So.2d at 1317 (citing State v. Allen, 335 So.2d 823, 825 (Fla. 1976)). In order to satisfy the first requirement, each element of the relevant offense must be shown to exist. Franqui; Burks v. State, 613 So.2d 441 (Fla.1993); Price v. State, 776 So.2d 1100 (Fla. 5th DCA 2001). With respect to the second requirement, the proof does not have to show the specific identity of the person who committed the crime. Id.
Corpus delicti may be established with direct or circumstantial evidence. Price. "The state has the burden to bring forth `substantial evidence' tending to show the commission of the charged crime." Price, 776 So.2d at 1101. As this court stated in McArthur, "[t]he state's burden of proof `beyond a reasonable doubt' is a requirement to establish the defendant's guilt, not to authorize admission of his confession." 793 So.2d at 1193 (quoting Allen, 335 So.2d at 825).
Section 92.565 eliminates corpus delicti as a predicate for the admission of a defendant's confession when the state is unable to show the existence of each element of the offense because the victim is either physically helpless, mentally incapacitated, mentally defective, or physically incapacitated. These factors are not exclusive. Once this predicate is established, "the state must prove by a preponderance of the evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement...." § 92.565(3), Fla. Stat. (2000). The hearing must be conducted by the trial judge outside of the presence of the jury. § 92.565(2), Fla. Stat. (2000). Specific findings of fact must be made by the trial judge on the record to support his or her ruling. § 92.565(4), Fla. Stat. (2000). Thus, in these limited circumstances, corpus delicti is eliminated as the predicate for admission of the confession and the trustworthiness standard is substituted in its place.
The purpose of the corpus delicti predicate is to insure that "`no person be convicted out of derangement, mistake, or official fabrication.'" McArthur, 793 So.2d at 1192 (quoting Allen, 335 So.2d at 825) (footnote omitted). We find that the trustworthiness doctrine under section 92.565 serves the same purpose. The difference between the two doctrines is that the corroboration aspect of corpus delicti is more concerned with the elements of the offense whereas the trustworthiness doctrine is concerned with the trustworthiness of the statements contained within the confession.[2] However, even if a defendant's *1092 confession is admitted into evidence, it may not form the sole basis for a conviction. Burks; State v. Wallace, 734 So.2d 1126 (Fla. 3d DCA 1999). Therefore, regardless of whether corpus delicti or the trustworthiness standard is utilized as the predicate to admit a confession, the state is obligated to prove each element of the charged offense beyond and to exclusion of every reasonable doubt. Id. Thus we conclude that, like corpus delicti, the trustworthiness doctrine under section 92.565 is a procedural mechanism utilized to admit a confession into evidence.
Having discussed the provisions of section 92.565, we must next determine whether retrospective application of the statute fits into one of the established categories of ex post facto laws.

Ex Post Facto Laws
There are four general categories of ex post facto laws proscribed by the federal and Florida constitutions: 1) a law that makes conduct criminal that was not criminal before the law was enacted; 2) a law that aggravates a crime or makes it more severe; 3) a law that increases the punishment for an offense; 4) a law that alters the legal rules of evidence by permitting less or different testimony to obtain a conviction than was permitted when the particular offense was committed. Carmell v. Texas, 529 U.S. 513, 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (citing Calder v. Bull, 3 U.S. 386, 3 Dall. 386, 1 L.Ed. 648 (1798)); Glendening v. State, 536 So.2d 212 (Fla.1988). Retrospective application of such laws is generally prohibited. Carmell; Glendening.
In Carmell, the defendant was convicted of several sex offenses. Some of the convictions were obtained by retrospective application of a new law that allowed the state of Texas to secure a conviction based solely upon the victim's testimony, without any other corroboration, if the victim was under 18 years of age. The law in effect at the time of the offenses required corroboration unless the victim was under 14 years of age or the victim notified another individual of the offense within six months of its occurrence. On appeal, the defendant maintained that the convictions secured under the new law violated the Ex Post Facto Clause of the United States Constitution.
After a lengthy review of the historical underpinnings of the Ex Post Facto Clause, the Supreme Court reaffirmed the four categories of ex post facto laws established in Calder. The Court characterized the Texas law as one affecting the sufficiency of the evidence required to convict, as opposed to affecting the competency or admissibility of the evidence. Thus, the Court concluded that the Texas law fit plainly within Calder's fourth category because the change resulted in "less testimony required to convict." 529 U.S. at 530, 120 S.Ct. 1620.
The Court held that prohibition of the fourth category of ex post facto laws serves the principal interests of fundamental fairness and allows fair warning of legislative enactments. It labeled as grossly unfair a law that retrospectively reduces the quantum of evidence necessary to convict a defendant for a particular offense, eliminates an element of the offense, increases the punishment for the offense, or lowers the burden of proof.
The Court made clear, however, that these interests are not violated by procedural changes applied retrospectively that simply govern how certain evidence or testimony is admitted for consideration by the *1093 jury in determining guilt. Such procedural changes, the Court held, do not reduce the quantum of evidence necessary for a conviction, eliminate an element of the offense, increase the punishment, or lower the burden of proof. Thus the Court concluded that rules of evidence are generally not implicated in ex post facto violations when it stated:
We do not mean to say that every rule that has an effect on whether a defendant can be convicted implicates the Ex Post Facto Clause. Ordinary rules of evidence, for example, do not violate the Clause.... Rules of that nature are ordinarily evenhanded, in the sense that they may benefit either the State or the defendant in any given case. More crucially, such rules, by simply permitting evidence to be admitted at trial, do not at all subvert the presumption of innocence, because they do not concern whether the admissible evidence is sufficient to overcome the presumption. Therefore, to the extent one may consider changes to such laws as "unfair" or "unjust," they do not implicate the same kind of unfairness implicated by changes in rules setting forth a sufficiency of the evidence standard. Moreover, while the principle of unfairness helps explain and shape the Clause's scope, it is not a doctrine unto itself, invalidating laws under the Ex Post Facto Clause by its own force. Cf. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., Int'l, 493 U.S. 400, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990).
Id. at 533 n. 23, 120 S.Ct. 1620.
Carmell teaches, therefore, that when determining whether a rule of evidence implicates the prohibition against ex post facto laws, the key factor is whether it regulates "the mode in which the facts constituting guilt may be placed before the jury" or whether it is a sufficiency of the evidence rule which "governs the sufficiency of those facts for meeting the burden of proof." Id. at 544-45, 120 S.Ct. 1620. Rules of evidence that fall into the former category may be applied retrospectively; rules that fit into the latter may not.
The Court in Carmell discussed two cases of rather ancient vintage that exemplify the type of evidentiary rule change that may properly be applied retrospectively. In Hopt v. Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), the defendant was tried for murder. At the time the defendant committed the murder, the law prohibited a convicted felon from testifying. After the murder, but prior to the defendant's trial, the law was changed to allow the testimony of convicted felons. When the prosecutor attempted to admit the testimony of a convicted felon that tended to inculpate the defendant, the defendant objected, arguing that application of the new law violated the Ex Post Facto Clause. The Court rejected that argument and held that changes in the rules of evidence that are "regulations of the mode in which the facts constituting guilt may be placed before the jury, can be made applicable to prosecutions or trails thereafter had, without reference to the date of the commission of the offense charged." Id. at 589, 4 S.Ct. 202.
Thompson v. Missouri, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898), the second example, involved the retrospective application of a law that allowed the testimony of a handwriting expert to be introduced into evidence when the law in existence at the time of the criminal act prohibited such testimony. Pursuant to Hopt, the Court rejected the defendant's ex post facto argument and held that the statute was a rule of evidence that governed the mode of presenting evidence to the jury.
The Florida Supreme Court has likewise held that rules that govern the admissibility *1094 of evidence generally do not violate the prohibition against ex post facto laws. In Glendening, the court addressed an ex post facto objection to retrospective application of section 90.803(23), Florida Statutes (1985), which allowed the introduction of out-of-court statements made by a child victim of sexual abuse if the child had a physical, mental, emotional, or developmental age of eleven or less. Notably, the defendant in Glendening was charged with violation of section 794.011(2), Florida Statutes (1985). The defendant argued that retrospective application of section 90.803(23) implicated the fourth category of ex post facto law because it "alters the legal rules of evidence and receives less or different testimony than the law required at the time of the commission of the offense." 536 So.2d at 215. In rejecting this argument and finding that the Ex Post Facto Clause was not violated, the court relied on the decisions in Hopt and Thompson and stated:
The same reasoning which resulted in the Supreme Court's determination that the statutes in Hopt and Thompson were procedural leads to the conclusion that section 90.803(23), Florida Statutes, is also procedural and that the statute does not affect "substantial personal rights." As in Hopt, "[t]he crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by" the enactment of section 90.803(23). 110 U.S. at 589-90, 4 S.Ct. at 209-10. As in Thompson, section 90.803(23) "left unimpaired the right of the jury to determine the sufficiency or effect of the evidence declared to be admissible, and did not disturb the fundamental rule that the state ... must overcome the presumption of his innocence, and establish his guilt beyond a reasonable doubt." 171 U.S. at 387, 18 S.Ct. at 924. Accordingly, we conclude that the district court below correctly held that application of section 90.803(23) in the present case does not violate the prohibition against ex post facto laws.
536 So.2d at 215.
Similarly, in Windom v. State, 656 So.2d 432 (Fla.1995), the defendant was charged with murder, and at the time he committed the offense, section 921.141(7), Florida Statutes, had not been enacted. This statute allows the jury to consider victim impact evidence so that consideration may be given to the "victim's uniqueness as an individual human being and the resultant loss to the community's members by the victim's death." § 921.141(7), Florida Statutes (1993). On appeal the defendant argued that admission of this evidence violated the Ex Post Facto Clauses of the federal and Florida constitutions. Citing to Glendening, the court held that the statute does not violate the prohibition against ex post facto laws because it "only relates to the admission of evidence and is thus procedural." 656 So.2d at 439.
Next we analyze the legal principles we have just discussed relative to ex post facto laws and our conclusions relating to section 92.565 to determine whether its retrospective application is prohibited.

Analysis
Our analysis of the provisions of section 92.565 lead us to conclude that it is a procedural rule of evidence that merely changes the predicate that must be established to enter a defendant's confession into evidence. Thus, section 92.565 regulates the mode in which the facts constituting guilt may be placed before the jury. It does not reduce the quantum of evidence necessary for a conviction under section 794.011(5), eliminate an element of the offense prescribed by that statute, increase *1095 the punishment for that offense, or lower the burden of proof necessary for a conviction. Because section 92.565 only affects a procedural change relating to the admissibility of evidence (a confession), it may be applied retrospectively without violating the Ex Post Facto Clause.
Dionne argues that Carmell is dispositive and supports the trial court's finding that retrospective application of section 92.565 does violate the Ex Post Facto Clause. We disagree and find to the contrary that Carmell supports the State's position. Unlike the statute involved in Carmell, section 92.565 does not, as we have just indicated, speak in terms of the evidence necessary to support a conviction. Rather, the language contained therein only speaks in terms of the admissibility of the defendant's confession. As the Court noted in Carmell, "The issue of the admissibility of evidence is simply different from the question whether the properly admitted evidence is sufficient to convict the defendant. Evidence admissibility rules do not go to the general issue of guilt, nor to whether a conviction, as a matter of law, may be sustained." 529 U.S. at 546, 120 S.Ct. 1620. Here, as the State correctly argues, regardless of whether Dionne's confession is admissible under section 92.565, it still must prove by evidence other than Dionne's confession that he committed the alleged sexual battery beyond a reasonable doubt.
Moreover, we do not find that the changes in laws that retrospectively allow into evidence the testimony of a convicted felon as in Hopt, a handwriting expert as in Thompson, victim impact evidence as in Windom, or hearsay statements of a child victim of sexual abuse as in Glendening, are significantly different from the changes promulgated by section 92.565 that allow the confession of the defendant into evidence without the necessity of establishing corpus delicti as a predicate. If there is a notable difference, it is that Hopt, Thompson, Windom, and Glendening permitted retrospective application of statutes that made a total change in the law by allowing the admission of evidence that was not allowed before their enactment. Section 92.565 merely changes the procedure for admission of a confession that was otherwise admissible before it was enacted. If Hopt, Thompson, Windom, and Glendening are examples of permissible changes in the law that may properly be applied retrospectively, surely it must be permissible to permit retrospective application of the procedural changes implemented by section 92.565 without violating the Ex Post Facto Clause of the federal and Florida constitutions.

Conclusion
We conclude that section 92.565 does not fall into any of the four categories of ex post facto laws set forth in Carmell and Glendening. Because section 92.565 is a rule of evidence that addresses the question of admissibility rather than the quantum of evidence required for a conviction, it is not an ex post facto law and its retrospective application to admit Dionne's confession is permissible. Therefore, the trial court erred in suppressing Dionne's confession.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] The order also precluded Dionne's victim, who was sleeping at the time of the incident, from testifying about events that occurred while she was asleep because such testimony would be speculation. The trial court did not, however, preclude her from testifying about facts within her personal knowledge. This part of the order is affirmed without further discussion.
[2] See § 92.565(3), Fla. Stat. (2000); Government of Virgin Islands v. Harris, 938 F.2d 401 (3d Cir.1991). The trustworthiness doctrine, as a predicate for admission of a confession into evidence, is not a novel concept. The federal courts have forsaken corpus delicti and embraced the trustworthiness doctrine finding the latter to be the better rule. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); U.S. v. Singleterry, 29 F.3d 733 (1st Cir.1994); Harris. In Harris, the court suggested that the trustworthiness doctrine may be as strict or stricter than corpus delicti and that application of both may lead to identical results in many cases. 938 F.2d at 410 n. 7. We need not engage in a debate over which is preferable. We simply hold that section 92.565, which adopts the trustworthiness doctrine as a predicate for admission of a confession, is a procedural rule of evidence and its retrospective application does not offend the Ex Post Facto Clause.