PATTERSON, Judge.
The appellant challenges his convictions and sentences for burglary, grand theft, and dealing in stolen property arising from the breaking and entering of a convenience store. We affirm in part and reverse in part.
The evidence at trial established that the appellant and several of his friends carried out the burglary on September 10, 1986. They took thirty-five cartons of cigarettes, seventy-four packages of lunch meat, and three cases of beer. Acting on a tip, the police arrested Freddy Lee Maxwell and found a portion of the contraband in Maxwell’s house. This arrest resulted in the detention and interrogation of the appellant. After he received Miranda warnings, the appellant admitted to the burglary, implicated the others, and said that they had taken the stolen property to Plant City where they got rid of everything except some cigarettes. Aside from that singular statement by the appellant, no evidence showed how, when, or under what circumstances they disposed of the property. The appellant moved for a judgment of acquittal on the dealing charge, which the court denied.
The appellant was convicted, and the guidelines called for a sentence of five and one-half years to seven years. The trial court imposed a sentence of five and one-half years as to each charge notwithstanding that the burglary and grand theft charges are felonies of the third degree with a maximum penalty of five years’ imprisonment. These sentences must, therefore, be vacated. See Fla.R.Crim.P. 3.701(d)(10).
As to the dealing in stolen property charge, the lower court erred in denying the appellant’s motion for judgment of acquittal. Before a defendant’s confession is admissible the state must prove with substantial evidence the corpus delicti of the offense charged. State v. Allen, 335 So.2d 823 (Fla.1976). The elements of dealing in stolen property in violation of section 812.-019, Florida Statutes (1985), are that a person traffics or endeavors to traffic in property that he knows or should know is stolen. The state introduced no independent evidence relative to the disposition of the stolen property and the appellant’s statements in this regard, even if admissible, leave considerable doubt as to what happened to the property. The conviction of dealing in stolen property is, therefore, vacated and the appellant is discharged as to that offense.
*592 The dealing charge, a second degree felony, was scored as the primary offense on the appellant’s sentencing guidelines score-sheet. Thus, we remand the burglary and grand theft charges for resentencing based on a recalculated scoresheet.
SCHEB, A.C.J., and PARKER, J., concur.