778 So.2d 358 (2001)
C.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-738.
District Court of Appeal of Florida, Second District.
January 5, 2001.
*359 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
C.W. appeals from an adjudication of delinquency and imposition of community control for armed burglary of a structure, possession of burglary tools, and petit theft. We reverse C.W.'s adjudication and disposition for petit theft because the State failed to establish the corpus delicti of the offense without C.W.'s confession. In all other respects, we affirm.
This case arose from C.W. breaking into an elementary school. C.W. confessed to using a crowbar to break into the school and going into the teacher's lounge. While in the teacher's lounge, he took a steak knife out of a drawer, and he ate a Snickers ice cream bar which he found in the freezer. The petit theft charge arose from C.W.'s confession that he took the ice cream bar from the freezer and ate it.
"Before a defendant's confession is admissible the state must prove with substantial evidence the corpus delicti of the offense charged." Smith v. State, 566 So.2d 590, 591 (Fla. 2d DCA 1990) (affirming convictions for burglary and grand theft, but vacating conviction for dealing in stolen property). The State may prove the corpus delicti with direct or circumstantial evidence, and it is sufficient if the evidence "tends to show that the crime was committed." Meyers v. State, 704 So.2d 1368, 1369 (Fla.1997).
Here, independent of C.W.'s statements, the State proved the corpus delicti for burglary and possession of burglary tools, but the State presented no independent evidence on the petit theft charge. The State presented evidence that the alarm went off at an elementary school early on a Saturday morning when the school was closed, that the cafeteria doors, which had pry marks on them, are locked when the school is closed, and that C.W. did not have permission to be inside the school. The police found C.W. leaving the teacher's lounge, where they discovered a crowbar and steak knife on the floor next to a candy machine that had pry marks on *360 it. The police found no one else at the scene.
As to the armed burglary of a structure, this evidence tends to show that C.W. entered the school with the intent to commit an offense therein, and he had no permission to be there. See § 810.02(1), Fla.Stat. (1997). The State need not present proof of C.W.'s possession of a dangerous weapon during the burglary to admit his statement because this element relates to the degree of the offense. See Farinas v. State, 569 So.2d 425 (Fla.1990). With regard to the possession of burglary tools, this evidence also tends to show that C.W. had the crowbar in his possession "with intent to use the same, or allow the same to be used, to commit any burglary or trespass." § 810.06, Fla.Stat. (1997).
With respect to petit theft, however, the State presented no independent evidence that C.W. took a Snickers ice cream bar from the teacher's lounge freezer and ate it. Only C.W.'s confession established that he obtained the ice cream bar with the intent to deprive the owner of it. See § 812.014(1), Fla.Stat. (1997). The officers did not find a wrapper or anything else that tended to show that the theft occurred.
Accordingly, we affirm C.W.'s adjudication of delinquency and imposition of community control for armed burglary of a structure and possession of burglary tools and reverse the adjudication and disposition for petit theft. We note that the written order fails to list the charges for which C.W. was adjudicated delinquent. Therefore, we remand to the trial court for entry of a written adjudication for armed burglary of a structure and possession of burglary tools.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and SALCINES, JJ., concur.