821 So.2d 308 (2002)
Tony A. CARWISE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2828.
District Court of Appeal of Florida, Fifth District.
March 1, 2002.
Opinion on Grant of Certification July 19, 2002.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Carwise appeals his conviction for conspiracy to commit armed robbery. The trial court should have granted the motion for judgment of acquittal because the state presented insufficient evidence to establish the corpus delicti of the crime prior to admitting Carwise's confession. See Baxter v. State, 586 So.2d 1196 (Fla. 2d DCA 1991)(to establish the corpus delicti of conspiracy, the state must present substantial corroborating evidence that defendant and co-conspirator agreed to commit crime and that the defendant intended to commit the offense)(emphasis added). Accordingly, Carwise's conviction for conspiracy to commit armed robbery is
REVERSED.
HARRIS, J., concurs specially with opinion.
SHARP, W., J., dissents with opinion.
HARRIS, J., concurring specially:
I concur because the majority opinion comports with the current law of Florida. I write because this case, although not the strongest example of the problem, offers the supreme court an opportunity, if it so desires, to determine parameters of the corpus delicti rule as it applies to attempts *309 and conspiracies.[1] Justice Shaw in his dissent in Burks v. State, 613 So.2d 441, 446 (Fla.1993), cited with approval State v. Parker, 315 N.C. 222, 337 S.E.2d 487, 493 (1985):
Finally, we note that a strict application of the corpus delicti rule is nearly impossible in those instances where the defendant has been charged with a crime that does not involve a tangible corpus delicti such as is present in homicide (the dead body), arson (the burned building), and robbery (missing property). Examples of crimes which involve no tangible injury that can be isolated as a corpus delicti include certain "attempt" crimes, conspiracy, and income tax evasion.
Respected authorities suggest that the corpus delicti rule no longer serves its original purpose and should be replaced with an alternative trustworthiness standard. The federal courts and many states have done so.[2]
The United States Supreme Court substituted the "trustworthiness doctrine" for the corpus delicti rule almost fifty years ago in Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101 (1954), by holding:
[W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.
In the case at bar, an officer was on routine patrol when he saw a vehicle parked in the lot of The Host Inn. He knew this lot to be one in which stolen cars were occasionally abandoned. This vehicle had a mangled, very worn temporary tag. It appeared that no one was in the vehicle. As he approached the vehicle to get a closer look, appellant's head "popped up" in the front seat. As the officer watched, appellant opened the door and deposited a handgun underneath the vehicle and shut the door. The officer then noticed another person crouched down in the backseat of the vehicle. Another firearm and a ski mask were found under the backseat occupant. There was also a piece of fabric with a hole in it found in appellant's pocket which could be used as a mask.
When appellant was advised that the other occupant of the vehicle had told the officers that he and appellant were waiting for a third person to arrive and then the three of them intended to commit a robbery, appellant, after receiving Miranda warnings, admitted that they had planned a robbery but claimed it was the other occupant's idea.
*310 Appellant was charged with and convicted of conspiracy to commit armed robbery and possession of a concealed firearm. His appeal is only that the state failed to prove corpus delicti so that his statement could be considered. I agree with the majority that finding two occupants hiding in a vehicle with guns and masks in a motel parking lot does not establish that an armed robbery was planned. For example, kidnaping or drug dealing could have been the object of their intention. The statement would not have been admissible under Burks.[3] Certainly if the United States Supreme Court's "trustworthiness" standard applied, the fact that the individuals were hiding in a vehicle with masks and guns in a parking lot of a motel would corroborate appellant's statement and prove the other elements of conspiracy to commit armed robbery and thus meet such standard.
Here, excellent police work at least thwarted a gang armed robbery and the deadly consequence that might have followed. I urge the supreme court to reconsider the applicability of the ancient corpus delicti rule under modern conditions and particularly as it may relate to attempts and conspiracies.
SHARP, W., J., dissenting.
In my view there was sufficient evidence ("corpus delicti") adduced in this case to permit the admission of the defendant Carwise's confession that he and a co-conspirator, Turner, planned to commit an armed robbery of some kind. The corpus delicti for a crime may be established by circumstantial evidence. Baxter v. State, 586 So.2d 1196 (Fla. 2d DCA 1991).
In this case the State presented evidence Carwise and Turner were hiding in a car parked in a hotel parking lot, (not a marked parking place) along a wall, in an effort to hide the car as well. It was December and 7 a.m. in the morning (dark). One police officer approached the vehicle on foot to see its VIN number, since the temporary tag was worn and hard to read. He saw Carwise peek up from the front seat, and then open the door to discard a handgun under the car. He also saw Turner lying down in the back seat holding a jacket. A search of the car revealed Turner had been hiding a loaded handgun and ski mask under the jacket, and that Carwise had a piece of fabric with a hole in it, like a mask, in his pocket.
It is apparent that, based on common sense, and general knowledge of the world, two individuals do not hide out in a car in a hotel parking lot, with loaded handguns and masks, in the dark, without a common plan. Coincidence or serendipitous behavior cannot explain this behavior. Nor does an individual discard a loaded weapon, upon being spotted by the police, unless he has something bad to hide. Further, handguns and masks unfortunately have become too common tools of the trade for armed robberies. Those circumstances alone presented grave danger for any unsuspecting *311 hotel patron who might have walked through that parking lot just prior to Carwise's and Turner's discovery by the police, and also, in my view, create a compelling corpus delicti for conspiracy to commit armed robbery.
As Judge Harris points out in his special concurring opinion, when dealing with an attempt or conspiracy crime where there is no corpus or "dead body" for the police to find, it is often very difficult to come up with much concrete proof of the planning or attempting of a crime. Perhaps at least in those cases, the corpus delicti rule should be modified and the "majority" rule, described in the dissenting opinion by Justice Shaw in Burks v. State, 613 So.2d 441 (Fla.1993), should be adopted.

ON MOTION FOR CERTIFICATION
THOMPSON, C.J.
We grant appellant's motion for certification pursuant to Florida Rule of Appellate Procedure 9.330(a), and certify the following question as one of great public importance:
SHOULD FLORIDA REPLACE THE CORPUS DELICTI RULE WITH THE TRUSTWORTHINESS APPROACH PROMULGATED BY THE UNITED STATES SUPREME COURT IN OPPER V. UNITED STATES, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)?
Motion for Certification GRANTED.
SHARP, W. and HARRIS, JJ., concur.
NOTES
[1] Although the supreme court rejected the opportunity to abolish the corpus delicti rule in its entirety in J.B. v. State, 705 So.2d 1376 (Fla.1998), I have found no Florida Supreme Court case which discussed the application of the rule in attempt or conspiracy cases.
[2] It appears that the Florida Legislature is leaning in that direction. Without considering whether the corpus delicti rule is substantive or procedural, it should be noted that the 2000 session of the Florida Legislature chose the trustworthiness approach over the corpus delicti standard on two occasions. See Sections 92.565 and 560.125(8), Florida Statutes.
[3] The supreme court has stated the reason for the corpus delicti rule as being that "the judicial quest for truth requires that no person be convicted out of derangement, mistake or official fabrication." J.B. v. State, 705 So.2d at 1376. This is a worthy policy but in most cases is not the policy also effectuated by the trustworthiness doctrine? With the highest respect, should the corpus delicti rule be applied when the facts of the individual case show that the purpose behind the rule is not implicated? In this case, there is no question of official fabrication. Nor should there be any concern that appellant was deranged. In determining whether his statement most strongly against his interest was fabricated, should we assume it was (as does the corpus delicti rule) or should we submit the issue to proof (as does the trustworthiness doctrine)? If all other evidence is consistent with the truth of his statement, is not the purpose of the corpus delicti rule met?