CANTERO, J.,
dissenting.
I dissent to the discharge of jurisdiction because I feel this case presents a question of great public importance that we should resolve.
Tony Carwise confessed to the crime of conspiracy to commit armed robbery. Before the court admitted the confession into evidence,
the State presented evidence Carwise and Turner were hiding in a car parked in a hotel parking lot, (not a marked parking place) along a wall, in an effort to hide the car as well. It was December and 7 a.m. in the morning (dark). One police officer approached the vehicle on foot to see its VIN number, since the temporary tag was worn and hard to read. He saw Carwise peek up from the front seat, and then open the door to discard a handgun under the car. He also saw Turner lying down in the back seat holding a jacket. A search of the car revealed Turner had been hiding a loaded handgun and ski mask under the jacket, and that Carwise had a piece of fabric with a hole in it, like a mask, in his pocket.
Carwise v. State, 821 So.2d 308, 310 (Fla. 5th DCA 2002) (Sharp, W., J., dissenting).
*1146 After being found guilty of conspiracy to commit armed robbery, Carwise moved for a judgment of acquittal, arguing that the State faded to present sufficient evidence to establish the corpus delicti of the crime. The corpus delicti doctrine requires that before a confession can be introduced into evidence, the State must show: (1) that the injury or harm constituting the crime occurred; and (2) that the injury or harm was occasioned by criminal conduct. State v. Allen, 335 So.2d 823, 825 (Fla.1976). The trial court denied Carwise’s motion, but the Fifth District reversed, holding that the State failed to present substantial corroborating evidence that Carwise and his co-conspirator agreed to commit armed robbery. Carwise, 821 So.2d at 308. In a dissenting opinion, Judge Sharp argued that the State’s evidence was sufficient because “two individuals do not hide out in a car in a hotel parking lot, with loaded handguns and masks, in the dark, without a common plan.” Id. at 310 (Sharp, W., J., dissenting). Judge Sharp also noted that “handguns and masks [are] common tools of the trade for armed robberies.” Id.
On rehearing, the Fifth District certified the following question of great public importance:
Should Florida replace the corpus delicti rule with the trustworthiness approach promulgated by the United States Supreme Court in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)?
Id. at 311.
Although we apparently answered this question in Burks v. State, 613 So.2d 441 (Fla.1993), this Court has not specifically addressed whether the doctrine, or some form of it, should apply to inchoate crimes such as conspiracy. Unlike other states, Florida still requires that the State, in proving the first element of the doctrine (that the injury or harm constituting the crime occurred), “show the existence of each element of the crime.” Burks, 613 So.2d at 443. Under the facts of this case, the State must show that Carwise agreed to commit armed robbery and that he or one of his co-conspirators engaged in an overt act in furtherance of the agreement. In this context at least, the State should not have to prove every element of the crime. The purpose of the rule is to prevent a person from “be[ing] convicted out of derangement, mistake or official fabrication.” Burks, 613 So.2d at 443 (quoting Allen, 335 So.2d at 825). This purpose can be served — as it is in other states — by requiring proof that the injury or harm constituting the crime occurred, without further requiring independent proof of every element of the crime. See McCormick on Evidence, § 146 (John W. Strong gen. ed. 1999) (“A growing number of courts ... are abandoning the strict requirement that the corroborating evidence tend to prove all elements of the corpus delicti”). Such an application of the doctrine is especially important for inchoate crimes because these crimes do not have a tangible corpus delicti. See Carwise, 821 So.2d at 309 (Harris, J., concurring specially). Therefore, this Court should decide the case on the merits and apply the seventeenth century corpus delicti rule in a way that remains relevant to twenty-first century crimes.
WELLS and BELL, JJ., concur.