873 So.2d 631 (2004)
Michael CHAPARRO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1804.
District Court of Appeal of Florida, Second District.
June 4, 2004.
*632 Nathaniel B. Kidder, St. Petersburg, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Michael Chaparro, Jr., seeks review of his judgment and sentence for attempted trafficking in cocaine and conspiracy to traffic in cocaine. Chaparro correctly asserts that the trial court abused its discretion in admitting his admissions and confession in evidence and erred in subsequently denying his motion for judgment of acquittal based on a lack of corpus delicti. Accordingly, we reverse the conviction for conspiracy to traffic in cocaine. Because a presumption of vindictiveness arose when the trial court initiated plea discussions and the record does not rebut that presumption, we order that resentencing be conducted by a different trial judge. We affirm as to all other issues.
The charges in this case arose from a sting operation culminating in a purchase of cocaine by Chaparro from a confidential informant (CI). The details of the drug sale were formalized during a series of monitored phone calls between Chaparro and the CI. Chaparro told the CI that he wanted to purchase two kilos of cocaine one for "his man" and one for himself. Chaparro said "his man" owns a business and would not be available until after 7 p.m. Chaparro told the CI he knew the "money man" because the CI had seen the "money man" with Chaparro on previous occasions, but the CI never testified as to the identity of the "money man." There was no evidence that a third party was present during the phone calls. The drug transaction was set to take place at a McDonald's parking lot.
Immediately prior to the time of the scheduled transaction, Chaparro had been *633 at his apartment with a man named Edwin Soto. Soto arrived at Chaparro's apartment and went inside for approximately four minutes. The pair then exited the apartment, got into their own vehicles, and drove to the McDonald's parking lot. The men were not observed exchanging any packages or money at Chaparro's apartment. Upon his arrival at the McDonald's, Chaparro parked his vehicle in a parking space and approached the CI on foot. The two walked to Chaparro's vehicle, and the drugs were exchanged for money there. Soto arrived at the McDonald's shortly after Chaparro, but he did not participate in the transaction with the CI. Instead, Soto entered the drive-thru lane and remained there throughout the transaction.
As soon as the drugs were exchanged for money, both Chaparro and Soto were arrested and read their rights. Soto refused to give a statement without counsel, but Chaparro told police he was at the McDonald's to buy the drugs on Soto's behalf. At trial Soto testified that he and Chaparro were on their way to the gym when they stopped at the McDonald's to get something to eat. He denied any knowledge of the drug transaction.
Chaparro objected to the admission of his statements to the CI and to police because the State had not established corpus delicti or that the crime of conspiracy had been committed. Admissions or confessions of a defendant may not be admitted in evidence absent independently established corpus delicti. Burks v. State, 613 So.2d 441, 444 (Fla.1993). The primary purpose behind the rule "is to protect a defendant from being convicted of a nonexistent crime due to `derangement, mistake or official fabrication.'" Baxter v. State, 586 So.2d 1196, 1198 (Fla. 2d DCA 1991) (quoting State v. Allen, 335 So.2d 823, 825 (Fla.1976)). This concern is especially prevalent in cases involving inchoate crimes such as conspiracy. "For many rational or irrational reasons, during a criminal transaction such as the purchase of illegal drugs, a person may make untrue statements suggesting the involvement of a fictitious partner or a real person unconnected to the transaction." Id. at 1199.
Thus, in order to establish the corpus delicti of conspiracy, the State must present "substantial evidence that the defendant and a coconspirator agreed to commit a crime and that the defendant intended to commit the offense." Id. Corpus delicti may not be established solely by a confession, but confessions and admissions are properly considered in connection with other evidence to establish corpus delicti. Hodges v. State, 176 So.2d 91, 92 (Fla.1965); Baxter, 586 So.2d at 1200. This evidence may be presented before or after the admission of the statements. See Hodges, 176 So.2d at 93; McIntosh v. State, 532 So.2d 1129, 1131 (Fla. 4th DCA 1988).
Aside from Chaparro's admissions and confession, the only evidence that would support a conclusion that Chaparro and Soto agreed to traffic in cocaine was Soto's presence at the crime scene. However, Soto's presence is not "substantial evidence" of an agreement to traffic in cocaine, even when considered in conjunction with Chaparro's statements. Soto merely waited in the McDonald's drive-thru lane while Chaparro attempted to purchase a large quantity of drugs from the CI in the McDonald's parking lot. Soto did not participate in the transaction, and there is no record evidence of any conversations involving Soto or otherwise suspicious behavior by Soto. Thus, the trial court abused its discretion in admitting Chaparro's statements at trial.
Additionally, based on this evidence, the State failed to establish a prima facie case of conspiracy sufficient to submit *634 the case to the jury. Corpus delicti must be established beyond a reasonable doubt to survive a motion for judgment of acquittal. Schwab v. State, 636 So.2d 3, 6 (Fla. 1994). We therefore reverse Chaparro's conviction for conspiracy to traffic in cocaine.
There are also two sentencing issues that merit our attention. First, Chaparro claims that the trial court's sentence was presumptively vindictive because it was harsher than the sentence originally offered by the court. In order to determine whether there is a reasonable likelihood that the trial court imposed a harsher sentence as a sanction for refusing a plea offer, courts should consider the totality of the circumstances surrounding the plea. Wilson v. State, 845 So.2d 142, 156 (Fla. 2003). However, if the court initiates plea negotiations or the court's remarks demonstrate that it has deviated from the role of neutral arbiter, then a presumption of judicial vindictiveness arises when the court subsequently imposes a harsher sentence. Id.
From the record, it appears that Judge Downey initiated plea negotiations immediately after trial by offering Chaparro twenty years if he entered a guilty plea to a failure to appear charge that was pending. Chaparro expressed a desire to present witness testimony regarding his good character and declined the offer. At the subsequent sentencing hearing, the court heard the witness testimony regarding Chaparro's character and imposed a sentence of thirty years with ten years suspended to be followed by ten years of probation. The court explained that it was imposing the sentence in consideration of the serious nature of the crime.
Because Judge Downey initiated plea negotiations by offering Chaparro a twenty-year sentence, there is a presumption of vindictiveness. This presumption was not rebutted at the subsequent sentencing hearing. Accordingly, Chaparro is entitled to be resentenced by a different judge on remand. See Wilson, 845 So.2d at 159; Harris v. State, 845 So.2d 329, 331 (Fla. 2d DCA 2003).
Second, Chaparro argues that the trial court erred in imposing a fifteen-year mandatory minimum on his conviction for attempted trafficking in cocaine. Chaparro's counsel has not preserved this issue for review by objecting at sentencing or filing a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(b). See Brannon v. State, 850 So.2d 452, 456 (Fla.2003). However, because we are reversing Chaparro's conspiracy conviction, he will have to be resentenced using a different scoresheet. We therefore address Chaparro's argument to aid the judge at resentencing.
Section 893.135(1)(b)(1)(c), Florida Statutes (2001), authorizes a fifteen-year mandatory minimum sentence for trafficking in 400 grams or more but less than 150 kilograms of cocaine. However, Chaparro was not convicted of a violation of section 893.135 but an attempted violation of that section. Section 777.04(4)(c), Florida Statutes (2001), provides that if the offense attempted is a first-degree felony, then it is punishable as a second-degree felony as provided in sections 775.082, 775.083, or 775.084. None of those sections authorize the imposition of a fifteen-year mandatory minimum sentence. Because Chaparro should have been sentenced pursuant to sections 775.082, 775.083, and 775.084, the imposition of the mandatory minimum under section 893.135(1)(b)(1)(c) is erroneous.
Reversed and remanded for resentencing.
NORTHCUTT and DAVIS, JJ., Concur.