PER CURIAM.
 

 Richard Myshrall timely appeals his judgment of conviction and sentence for criminal conspiracy to commit bank i’ob-bery. “[I]n order to establish the
 
 coi"pus delicti
 
 of conspiracy, the state must present substantial evidence that the defendant and a coconspirator agreed to commit a crime and that the defendant intended to commit the offense.”
 
 Baxter v. State,
 
 586 So.2d 1196, 1199 (Fla. 2d DCA 1991). “Admissions or confessions of a defendant may not be admitted in evidence absent independently established corpus delicti.”
 
 Chaparro v. State,
 
 873 So.2d 631, 633 (Fla. 2d DCA 2004) (citing
 
 Burks v. State,
 
 613 So.2d 441, 444 (Fla.1993)). Based on the testimony presented at trial, we find that there was no evidence introduced which would allow for the conclusion that a
 
 corpus delicti
 
 of conspiracy to commit bank robbery existed so as to permit the admittance of Myshrall’s statement to the police. As such, we find the trial court should have granted Myshrall’s motion for judgment of acquittal as to the conspiracy charge, and we must reverse the conviction and sentence.
 
 See Brown v. State,
 
 800 So.2d 697, 698 (Fla. 1st DCA 2001) (reversing conviction of conspiracy to commit armed robbery because trial court should have granted defendant’s motion for judgment of acquittal where prosecutor failed to present sufficient evidence, independent of appellant’s self-incriminating statement, to establish
 
 corpus delicti
 
 of the crime).
 

 Reversed.
 

 WARNER, POLEN and STEVENSON, JJ., concur.