DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERBERT ANDRE WHITE-JORDAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-905

[ May 20, 2015 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312012CF000434.

A. Julia Graves, Vero Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Herbert Andre White-Jordan appeals his judgment of conviction and sentence for conspiracy to commit first degree murder. Appellant, a juvenile, was charged as an adult by information, which alleged that he conspired with Edward Gibson, Jr. to kill Douglas Frasier, Jr. Appellant argues that the state's evidence was insufficient to establish the *corpus delicti* of conspiracy and permit the introduction of his statements to the police. He further argues that the evidence, without his statement, was insufficient to support his conviction. We agree and reverse and remand for discharge.

"[I]n order to establish the *corpus delicti* of conspiracy, the state must present substantial evidence that the defendant and a coconspirator agreed to commit a crime and that the defendant intended to commit the offense." *Myshrall v. State*, 29 So. 3d 466, 466 (Fla. 4th DCA 2010) (quoting *Baxter v. State*, 586 So. 2d 1196, 1199 (Fla. 2d DCA 1991)). "'Admissions or confessions of a defendant may not be admitted in evidence absent independently established *corpus delicti*.'" *Id.* (quoting *Chaparro v. State*, 873 So. 2d 631, 633 (Fla. 2d DCA 2004)).

In this case, the state failed to present sufficient evidence of the *corpus delicti* of conspiracy to permit introduction of appellant's statements to the police. Because the evidence was insufficient to support a conviction for conspiracy to commit first degree murder, independent of appellant's self-incriminating statement, the trial court should have granted appellant's motion for judgment of acquittal as to the conspiracy charge. Accordingly, we reverse the conviction and sentence and remand for appellant's discharge. *See Myshrall*, 29 So. 3d at 466.

*Reversed and Remanded.*

DAMOORGIAN, C.J., TAYLOR and MAY, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

2